CC-98-427                                                                1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| BUILDING FAST CLEANING SERVICES, INC.<br><br>Demandante-recurrida<br><br>v.<br><br>ASOCIACION CONDOMINIO BORINQUEN TOWERS;<br>FULANA DE TAL COMPAÑIA X Y Z;<br>ASEGURADORA BETA GAMA | Certiorari<br><br>99TSPR33 |

Número del Caso: CC-98-427

Abogados de la Parte Peticionaria: Lic. Rafael Llavina Mercado

Abogados de la Parte Recurrida: Lic. Raúl del Manzano Román

Abogados de la Parte Interventora

Tribunal de Instancia: Superior, San Juan

Juez del Tribunal de Primera Instancia: Hon. Amneris Martínez de Cuevas

Tribunal de circuito de Apelaciones:i, San Juan

Juez Ponente: Hon. González Román

Panel integrado por:  Pres. Jueza Ramos Buonomo, y los Jueces González Román y Córdova Arone

Fecha: 3/24/1999

Materia:


    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correciones del
    proceso de compilación y publicación oficial de las
    decisiones del Tribunal. Su distribución electrónica se hace
    como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Building Fast Cleaning
Services, Inc.

    Demandante-Recurrida


      v.                            CC-98-427


Asociación Condominio Borinquen
Towers; Fulana de Tal Compañía
X y Z; Aseguradora Beta Gama

    Demandada-Peticionaria



PER CURIAM


    San Juan, Puerto Rico, a 25 de marzo de 1999.


    Nos corresponde determinar si el Tribunal de Circuito de Apelaciones tenía jurisdicción sobre una apelación que se presentó en la Sala de Investigaciones del tribunal apelado, en vez de en la Secretaría del Tribunal de Primera Instancia o en la de dicho foro apelativo. Resolvemos que el Tribunal de Circuito de Apelaciones tenía jurisdicción para acoger el recurso, ya que la Sala de Investigaciones había sido autorizada administrativamente a funcionar como la Secretaría del Tribunal de Primera Instancia, para el día en que se presentó el recurso.

Building Fast Cleaning Services, Inc. ("Cleaning Services") demandó a la Asociación Condominio Borinquen Towers ("la Asociación") por incumplimiento de contrato. El Tribunal de Primera Instancia, Sala de San Juan, dictó sentencia en rebeldía contra la Asociación. Dicho tribunal concluyó que la Asociación incumplió su contrato, y le impuso el pago de $5,000 en daños, más las costas del pleito. La sentencia fue notificada y archivada en autos el 2 de diciembre de 1997, por lo cual el término jurisdiccional para presentar la apelación vencía el 2 de enero de 1998.[1]

Inconforme, la Asociación presentó un recurso de apelación el viernes 2 de enero de 1998 en la Sala de Investigaciones del Tribunal de Primera Instancia (en adelante "Sala de Investigaciones"). Posteriormente, el lunes 5 de enero de 1998, presentó las copias del recurso en la Secretaría del Tribunal de Circuito de Apelaciones.

Dicho foro concluyó que nuestro ordenamiento procesal no permite la presentación del recurso en la Sala de Investigaciones del tribunal apelado y desestimó la apelación por falta de jurisdicción.[2] Afirmó que las disposiciones reglamentarias de ese tribunal "son muy precisas y no dan la opción de presentarlas en otro lugar que no sea la Secretaría del tribunal apelado o la Secretaría del Tribunal de Circuito de Apelaciones. En fin, es menester presentarlas dentro del término de 30 días y en cualesquiera de los dos lugares antes indicados."

Inconforme, la Asociación presentó una moción de reconsideración ante el tribunal apelativo, con la que acompañó una

---

[1] El término jurisdiccional de treinta (30) días para instar el recurso apelativo vencía inicialmente el 1 de enero de 1998. Por ser ese un día feriado, el último día para presentar el recurso fue entonces el 2 de enero de 1998. Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III (1983).

copia de una notificación pública de la Oficina de Administración de los Tribunales que en lo pertinente disponía:

> "**El Juez Presidente del Tribunal Supremo, Hon. José Andréu García,** autorizó libre-con cargo al balance de licencia de vacaciones-los días 26 de diciembre de 1997 y **el 2 y 5 de enero de 1998** a todos los empleados de la Rama Judicial.
> La concesión de estos días no interrumpe los términos que hayan comenzado a decursar **para la presentación de acciones o recursos apelativos,** por lo que hemos tomado providencia para aceptar la presentación de los documentos correspondientes.
> • En las Regiones Judiciales de **San Juan,** Ponce y Bayamón **se presentarán los documentos en las Salas de Investigaciones.**
> .
> .
> .
> • El Tribunal de Circuito de Apelaciones y el Tribunal Supremo mantendrán abiertas sus respectivas Secretarías." (énfasis nuestro).

No obstante, el Tribunal de Circuito de Apelaciones denegó la moción de reconsideración. Oportunamente, la Asociación recurrió ante nos mediante recurso de *certiorari*. Examinado el mismo, le concedimos quince (15) días a Cleaning Services para que mostrara causa por la que no debíamos expedir el auto y revocar la sentencia recurrida. Habiendo comparecido dicha parte, resolvemos según lo intimado.

II

La Regla 53.1(c) de Procedimiento Civil dispone que el recurso de apelación deberá presentarse "dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado." 32 L.P.R.A. Ap. III R.53.1(c)(Sup. 1998). Por otro lado, la Regla 53.1(b) dispone que el recurso "se formalizará presentando el escrito de apelación en la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, o en la secretaría del Tribunal de Circuito de Apelaciones." (énfasis nuestro). 32 L.P.R.A. Ap. III R.53.1(b). De igual manera, la Regla

---

[2] Panel integrado por los Hons. Jueces Sra. Ramos Buonomo, Sr. González Román y Sr. Córdova Arone.

14(a) del Reglamento del Tribunal de Circuito de Apelaciones provee que "[l]a apelación se formalizará presentando el original del escrito de apelación y cuatro (4) copias en la <u>Secretaría</u> del Tribunal de Circuito de Apelaciones, <u>o</u> presentando el original en la <u>Secretaría</u> del Tribunal de Primera Instancia que dictó la sentencia apelada...." Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII R. 14(a) (énfasis nuestro).[3]

La orden del Juez Presidente del Tribunal Supremo del Estado Libre Asociado de Puerto Rico dispuso, en lo pertinente, que para el 2 de enero de 1998, cualquier presentación de una acción o recurso apelativo ante el Tribunal de Primera Instancia en la Región Judicial de San Juan, podía ser presentada en la Sala de Investigaciones de dicha región. La autoridad del Juez Presidente para emitir esa orden es incuestionable. Veamos.

La Constitución del Estado Libre Asociado de Puerto Rico provee que "[e]l Juez Presidente dirigirá la administración de los tribunales y nombrará un director administrador, quien desempeñará su cargo a discreción de dicho magistrado." Const. del E.L.A. Art. V, § 7. El interés perseguido por este mandato constitucional es garantizar la eficiencia en el funcionamiento de nuestro poder judicial, y "velar por el adecuado funcionamiento de todo el sistema, en todo momento." <u>Diario de Sesiones de la Convención Constituyente de Puerto Rico</u>, T. 3, (1961), pág. 1667; <u>Vives Vázquez v. E.L.A.</u>, Op. de 17 de diciembre de 1996, 142 D.P.R. (1996).

---

[3] Las reglas proveen que, independientemente de en cual Secretaría sea presentado el recurso, se deberá notificar copia del mismo a la Secretaría del otro tribunal dentro de las cuarenta y ocho (48) horas siguientes a la presentación. 32 L.P.R.A. Ap. III R.53.1(b); Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII R. 14(b) y (c). La Asociación cumplió con este requisito al presentar las copias de su escrito, ante la Secretaría del tribunal apelativo, el lunes 5 de enero de 1998. Regla 68.1 de Procedimiento Civil, supra.

A tenor con tal mandato constitucional, el Juez Presidente es responsable del funcionamiento eficiente de las varias sedes y salas de nuestro Tribunal General de Justicia, y de la pronta resolución de los pleitos. Artículo 2.004 de la Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. § 22(f)(Sup. 1998).

Nuestros tribunales constituyen "un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración." Const. del E.L.A. Art. V, § 2; Artículo 2.001 de la Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. § 22(c); Vives Vázquez, supra.  Por tanto, los tribunales de Puerto Rico componen un sólo sistema que debe operar como un todo armonioso.

La unificación de nuestro sistema de tribunales exige que su administración sea organizada, eficiente, coordinada y flexible. La administración debe aspirar a que el sistema de tribunales satisfaga las necesidades del público que solicita sus servicios. Roscoe Pound, Organization of Courts, Greenwood Press Publishers, 1979, pág. 275-76; Jack B. Weinstein, The Role of the Chief Judge in a Modern System of Justice, publicado en Russell R. Wheeler y Howard R. Whitcomb, Judicial Administration, Text and Readings, Prentice Hall, Inc., 1977, pág. 148.  Ante tal necesidad, los poderes constitucionales de naturaleza administrativa del Juez Presidente del Tribunal Supremo, de ordinario, deben ser interpretados ampliamente, José Trías Monge, El Sistema Judicial de Puerto Rico, Editorial Universitaria, 1978, pág. 221.  El ejercicio de dichos poderes debe "facilit[ar] la administración justa, rápida y económica de las causas que se presentan ante nuestros tribunales de justicia." Vives Vázquez, supra.

En virtud del derecho expuesto, resulta claro que, en función de sus poderes administrativos, el Juez Presidente del Tribunal Supremo tiene la autoridad de ordenar que una unidad del Tribunal de Primera Instancia se convierta provisionalmente en la Secretaría de dicho foro.  Ese tipo de medida, la cual persigue lograr un uso

eficiente de las facilidades físicas y de personal del Poder Judicial, está en armonía con la discreción administrativa otorgada al Juez Presidente del Tribunal Supremo para llevar a cabo su mandato constitucional.

Por consiguiente, a tenor con la orden emitida por el Juez Presidente del Tribunal Supremo, Hon. José Andréu García, para el día 2 de enero de 1998 la Sala de Investigaciones del Tribunal de Primera Instancia se convirtió en la Secretaría *provisional* de dicho foro. Cualquier acción o recurso apelativo allí presentado tuvo el mismo efecto que si se hubiese presentado en la Secretaría del Tribunal de Primera Instancia.

### III

En el caso de autos la sentencia del Tribunal de Primera Instancia fue notificada y archivada en autos el 2 de diciembre de 1997. El último día del término jurisdiccional para presentar el recurso era el 2 de enero de 1998. Regla 53.1(c) de Procedimiento Civil, supra; Regla 13(a) del Reglamento del Tribunal de Circuito de Apelaciones, supra; Regla 68.1 de Procedimiento Civil, supra. El apelante presentó su apelación el 2 de enero de 1998 en la Sala de Investigaciones del Centro Judicial de San Juan. Esta sala era la Secretaría *provisional* del tribunal apelado, a tenor con la orden del Juez Presidente señor Andréu García. Por lo tanto, tal presentación tuvo el mismo efecto que si se hubiese presentado en la Secretaría del tribunal apelado. Regla 53.1(b) de Procedimiento Civil, supra; Regla 14(a) del Reglamento del Tribunal de Circuito de Apelaciones, supra.

Por las razones expuestas, resolvemos que el apelante presentó su recurso en el lugar, y dentro del término jurisdiccional referido, por lo que el Tribunal de Circuito de Apelaciones adquirió jurisdicción sobre la apelación presentada. Por ende, se revoca la sentencia del Tribunal de Circuito de Apelaciones y se

devuelve el caso al foro apelativo para que resuelva en los méritos la apelación presentada por la Asociación.

Se dictará la sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Building Fast Cleaning
Services, Inc.

    Demandante-Recurrida


       v.                             CC-98-427


Asociación Condominio Borinquen
Towers; Fulana de Tal Compañía
X y Z; Aseguradora Beta Gama

    Demandada-Peticionaria




                            SENTENCIA

San Juan, Puerto Rico, a 25 de marzo de 1999.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se revoca la sentencia del Tribunal de Circuito de Apelaciones y se devuelve el caso al foro apelativo para que resuelva en los méritos la apelación presentada por la Asociación Condominio Borinquen Towers.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Fuster Berlingeri no intervinieron.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo