CC-98-822                                                              1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| HECTOR J. OROZCO CARRASQUILLO, MARIA V. MERCADO NEGRON Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>    Peticionarios<br><br>    V.<br><br>OLGA SANCHEZ BETANCOURT Y OTROS<br><br>    Recurridos | Certiorari<br><br>99TSPR76 |

Número del Caso: CC-98-822

Abogados de la Parte Peticionaria: Lic. Samuel Nieves Rodríguez

Abogados de la Parte Recurrida: Lic. W.R. Picorelli Osorio

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior, Sala de Carolina

Juez del Tribunal de Primera Instancia: Hon. Sonsire Ramos Soler

Tribunal de Circuito de Apelaciones: VII, Carolina y Fajardo

Juez Ponente: Hon. Salar Soler

Panel integrado por:  Pres. Juez Arbona Lago y los Jueces  Negroni Cintrón y Salas Soler

Fecha: 5/18/1999

Materia:


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

## EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor J. Orozco Carrasquillo,
María V. Mercado Negrón y la
sociedad legal de gananciales
compuesta por ambos

    Demandantes-peticionarios

       v.                          CC-98-822        CERTIORARI

Olga Sánchez Betancourt y otros

    Demandados-recurridos

Opinión del Tribunal emitida por el Juez Asociado SEÑOR REBOLLO LÓPEZ

En San Juan, Puerto Rico, a 18 de mayo de 1999

La parte demandante-peticionaria --compuesta la misma por el señor Héctor J. Orozco Carrasquillo, su esposa, la señora María V. Mercado Negrón y la sociedad legal de gananciales constituida entre ambos-- solicita que revisemos una resolución dictada por el Tribunal de Circuito de Apelaciones mediante la cual dicho foro apelativo intermedio desestimó un recurso de apelación presentado por los aquí peticionarios.

Por entender que erró el Tribunal de Circuito de Apelaciones al concluir que la parte demandante-peticionaria había comparecido fuera del término dispuesto por ley y por declararse, en consecuencia, sin jurisdicción, <u>revocamos</u>.

I

El presente caso comenzó con la radicación de una demanda sobre incumplimiento de contrato por parte del Sr. Orozco, su esposa y la sociedad legal de gananciales compuesta por ambos, ante el Tribunal de Primera Instancia, Sala Superior de Carolina, contra la Señora Olga Sánchez y sus hijos. Luego de varios trámites procesales, el 17 de marzo de 1998, el tribunal de instancia dictó sentencia desestimando la demanda radicada. Copia de la notificación de dicha sentencia fue archivada en autos el 30 de marzo de 1998.

Así las cosas, el 13 de abril de 1998, esto es, catorce (14) días después del archivo en autos de la notificación de la sentencia, los demandantes presentaron una solicitud de determinaciones adicionales de hechos y de reconsideración de la aludida sentencia. Mediante resoluciones, <u>debidamente fundamentadas</u>, emitidas el 17 de abril de 1998 y archivadas en los autos copia de sus notificaciones el 23 de abril siguiente, el foro sentenciador denegó <u>tanto</u> la solicitud de determinaciones adicionales de hechos <u>como</u> la moción de reconsideración. Inconformes, los demandantes instaron el 22 de mayo de 1998 un recurso de apelación ante el Tribunal de Circuito de Apelaciones.

El 23 de julio de 1998, el referido foro apelativo intermedio emitió una resolución mediante la cual desestimó el recurso incoado bajo el fundamento de falta de jurisdicción. Al así resolver, determinó que la parte demandante había presentado tardíamente su solicitud de determinaciones adicionales de hechos, por lo que tal moción <u>no</u> tuvo un efecto interruptor sobre el plazo jurisdiccional

para apelar. En consecuencia, sostuvo el Tribunal de Circuito que el recurso de apelación había sido interpuesto fuera del término jurisdiccional de (30) treinta días provisto por ley, privándolos de jurisdicción para atenderlo. Nada mencionó en su resolución el Tribunal de Circuito sobre el efecto interruptor, si alguno, que tuvo la moción de reconsideración en el transcurso del término para apelar.

La parte demandante solicitó del Tribunal de Circuito de Apelaciones la reconsideración de esa resolución. Argumentó que interpusieron su solicitud de determinaciones adicionales de hechos oportunamente toda vez que el día en que vencía el término para interponerla fue el 9 de abril de 1998, día que, por celebrarse el Jueves Santo, fue concedido como día libre a los empleados de la Rama Judicial. Asimismo explicaron que el 10 de abril próximo era un día feriado por ser Viernes Santo. Según los demandantes, en virtud de la Regla 68.1 de las de Procedimiento Civil[1], el término se extendió hasta el próximo día laborable, o sea, hasta el lunes 13 de abril de 1998, fecha en que se radicó la moción.

Argumentaron, además, que la moción de reconsideración, consolidada con la solicitud de determinaciones adicionales de hechos, fue radicada dentro del plazo de quince (15) días que dispone la Regla 47 de Procedimiento Civil[2] y que fue denegada, dentro de los diez (10) días de haber sido

---

[1] 32 L.P.R.A. Ap. III, R. 68.1.

presentada, mediante resolución debidamente fundamentada, por lo que, igualmente, tuvo el efecto de interrumpir el término para apelar.

El tribunal apelativo denegó la reconsideración interpuesta, sosteniendo su dictamen anterior bajo el fundamento de que la concesión administrativa del Jueves Santo, como día libre con cargo a vacaciones a los empleados de la Rama Judicial, no equivale a un día de fiesta legal por lo que no puede ser excluido conforme a la Regla 68.1 de las de Procedimiento Civil.[3] Nuevamente, dicho foro apelativo intermedio, nada expresó sobre la moción de reconsideración.

Inconforme, compareció ante nos la parte demandante en revisión de la sentencia, decretando la desestimación del recurso de apelación, emitida por el foro apelativo y de la posterior resolución de éste declarando sin lugar la moción de reconsideración. Examinada la solicitud de certiorari, y sus anejos, concedimos un término a la parte demandada-recurrida para que mostrara causa por la cual este Tribunal no debía expedir el auto solicitado y dictar Sentencia revocatoria de la resolución emitida por el Tribunal de Circuito de Apelaciones. En cumplimiento de nuestra orden, la parte demandada ha comparecido.

Contando con la comparecencia de ambas partes, y estando en posición de resolver, procedemos a así hacerlo.

---

[2] 32 L.P.R.A. Ap. III, R. 47.
[3] 32 L.P.R.A. Ap. III, R. 68.1.

II

En el caso de autos, el Tribunal de Circuito de Apelaciones fundamentó su dictamen en que la concesión administrativa del Jueves Santo como día libre no lo convirtió en uno de "fiesta legal". Así también apoyó su determinación en que, dado que la Unidad de Investigaciones del Centro Judicial de San Juan permaneció abierta tal día, los demandantes pudieron haber presentado su moción en dicha dependencia. Incidió en error el tribunal apelativo al así resolver.

El Juez Presidente de este Tribunal, Hon. José A. Andréu García, concedió a los empleados de la Rama Judicial el 9 de abril de 1998, día en que se celebró el Jueves Santo, como día libre con cargo a vacaciones. En el memorando que a tales efectos remitiera la Directora Administrativa de los Tribunales, Lcda. Mercedes M. Bauermeister, Memorando Núm. 253 de la Oficina de Administración de los Tribunales, se expuso, además de lo anterior, que solamente estarían abiertas y funcionando ese día las Unidades de Investigaciones de los Centros Judiciales de San Juan, Ponce y Bayamón.

Resulta ser incuestionable la facultad que tiene el Juez Presidente del Tribunal Supremo de Puerto Rico para conceder el día en cuestión como un día libre. La Sección 7 del Artículo 5 de la Constitución del Estado Libre Asociado de Puerto Rico establece que el Tribunal Supremo adoptará reglas para la administración de los tribunales y que el

Juez Presidente dirigirá la administración del sistema judicial. Como administrador del Tribunal General de Justicia, el Juez Presidente puede autorizar días libres con cargo al balance de licencia de vacaciones, disponiendo o no para la presentación de los documentos cuyos términos de radicación vencen en tales días.

Recientemente, este Tribunal explicó, en <u>Building Fast Cleaning Services, Inc</u> v. <u>Asociación Condominio Borinquen Towers</u>, Opinión Per Curiam y Sentencia de 25 de marzo de 1999, que, a tenor con tal mandato constitucional, el Juez Presidente tiene autoridad para ordenar que una unidad de investigaciones del Tribunal de Primera Instancia se convierta provisionalmente en la Secretaría de dicho foro durante ciertos días que concedió libre con cargo a vacaciones.

Contrario a la situación fáctica del citado caso, en el presente <u>no</u> se tomó ninguna providencia en cuanto a la presentación de documentos cuyo término de radicación vencía el día 9 de abril de 1998. En otras palabras, el Juez Presidente <u>no</u> dispuso en términos específicos, como en ocasiones anteriores, que los documentos debían o podían radicarse en las unidades de investigaciones o en cualquier otra dependencia. Esta actuación del Juez Presidente, para la cual está totalmente autorizado por mandato constitucional, tuvo el efecto de tornar dicho día en uno "inhábil" para efectos de computar los términos estatutarios para radicar documentos.

Vemos, pues, que no tienen méritos los fundamentos esgrimidos por el Tribunal de Circuito de Apelaciones en la sentencia que hoy revisamos. Aclarado lo anterior, procedamos a analizar, propiamente, si el recurso de apelación presentado por la parte demandante-peticionaria fue radicado dentro del término jurisdiccional.

III

La Regla 43.3 de las Reglas de Procedimiento Civil[4] establece un término improrrogable de diez (10) días, contados a partir del archivo en autos de copia de la notificación de la sentencia, para que la parte que así lo interese presente una moción solicitando del tribunal que realice determinaciones iniciales o adicionales de hechos. Una vez interpuesta dicha moción, <u>dentro del término para ello</u>, la misma <u>interrumpe los términos</u> para solicitar reconsideración, nuevo juicio o <u>para apelar</u>.[5] Además, dicha moción se puede <u>acumular</u> con una moción de reconsideración o de nuevo juicio de conformidad con las disposiciones de las Reglas 47 y 48 de Procedimiento Civil[6], respectivamente.[7]

De otra parte, la Regla 68.1 de las Reglas de Procedimiento Civil[8] dispone que, al momento de computar cualquier término prescrito o concedido en tales Reglas, o

---

[4] 32 L.P.R.A. Ap. III, R. 43.3.
[5] Regla 43.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.4.

[6] 32 L.P.R.A. Ap. III, R. 47 y 48, respectivamente.
[7] 32 L.P.R.A. Ap. III, R. 43.3.

por orden del tribunal, o por cualquier ley aplicable, "...[e]l último día del término...se incluirá <u>siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día</u> que no sea sábado, domingo ni día legalmente feriado...". (Enfasis suplido.) En iguales términos, se expresó el legislador en el Artículo 388 del Código Político[9] al señalar que "[e]l tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, <u>a menos que éste sea día de fiesta, en cuyo caso será también excluido</u>". (Enfasis suplido.)

En el presente caso, el Tribunal de Primera Instancia dictó sentencia el 17 de marzo de 1998, archivándose en autos copia de su notificación el día <u>30 de marzo de 1998</u>. Por lo tanto, conforme a las disposiciones de las Reglas de Procedimiento Civil, el término de diez (10) días para presentar una solicitud de determinaciones adicionales de hechos vencía el <u>9 de abril de 1998</u>. Ahora bien, como hemos mencionado, en ese día los tribunales de nuestro País, y sus secretarías, permanecieron cerrados a tenor con la orden administrativa emitida por el Juez Presidente de este Tribunal. Así que dicho día se tornó, a todos los efectos legales, en un día inhábil a los fines de computar el término para presentar la solicitud. A su vez, el 10 de abril de 1998, día en que se celebró el Viernes Santo, era

---

[8] 32 L.P.R.A. Ap. III, R. 68.1.
[9] 1 L.P.R.A. sec. 72.

un día feriado legal. Por lo cual, en virtud de las disposiciones de la Regla 68.1 de Procedimiento Civil[10] y del Artículo 388 del Código Político[11], el término para radicar la moción de determinaciones adicionales de hechos se extendió hasta el próximo día laborable, cual fue el lunes 13 de abril de 1998, fecha en que la parte demandante-peticionaria en efecto radicó las mociones consolidadas.

Ante lo expuesto, forzoso nos resulta concluir que, contrario a lo resuelto por el tribunal apelativo intermedio, la solicitud de determinaciones adicionales de hechos fue presentada oportunamente y que, en consecuencia, surtió efecto interruptor sobre el plazo para apelar. De este modo, la posterior apelación interpuesta por los demandantes el 22 de mayo de 1998, ante el Tribunal de Circuito de Apelaciones, fue radicada dentro del plazo de treinta (30) días contados a partir del archivo en autos de copia de la notificación de la resolución mediante la cual se declaró no ha lugar la aludida solicitud, esto es, el 23 de abril de 1998.

IV

Como si lo anterior no fuera suficiente para revocar la sentencia recurrida, determinamos que la moción de reconsideración interpuesta por los peticionarios, en conjunto con su moción en solicitud de determinación

---

[10] 32 L.P.R.A. Ap. III, R. 68.1.

adicionales de hechos, igualmente interrumpió el término para apelar. Veamos.

La Regla 47 de las de Procedimiento Civil[12] preceptúa que la parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración. Dentro de los diez (10) días de haberse presentado, el tribunal deberá considerarla. Si toma alguna determinación en su consideración, entonces el transcurso del término para apelar ante el Tribunal de Circuito de Apelaciones quedará interrumpido y empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción.[13]

En <u>Rodríguez Rivera</u> v. <u>Autoridad de Carreteras</u>, 110 D.P.R. 184 (1980), al interpretar la frase "tomar alguna determinación al considerar la moción" en el contexto de la moción de reconsideración provista por nuestras Reglas de Procedimiento Civil, este Tribunal sostuvo que:

> "Procede, pues, definir qué contempla el acto judicial de tomar 'alguna determinación al considerar la moción'. Es evidente, por disponerlo así la propia regla, [Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47], que si el tribunal la rechaza con un mero no ha lugar, sin oír a las partes, se considera que la moción fue

---

[11] 1 L.P.R.A. sec. 72.
[12] 32 L.P.R.A. Ap. III, R. 47.
[13] Véase, además, la R. 53.1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1.

rechazada de plano. Ahora bien, si señala una vista para oír a las partes, o se dirige a la parte adversa para que exponga su posición por escrito, o fundamenta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar revisión. Sin que pretendamos agotar la lista, éstas son propiamente actuaciones o determinaciones demostrativas de que el tribunal ha acogido la moción de reconsideración." Rodríguez Rivera v. Autoridad de Carreteras, ante, pág. 187. (Enfasis suplido.)

Como indicáramos, la parte demandante radicó moción de reconsideración el 13 de abril de 1998, catorce (14) días después del archivo en autos de la notificación de la sentencia el 30 de marzo de 1998, esto es, dentro del término que provee la citada Regla 47 de Procedimiento Civil. En su resolución de 17 de abril de 1998, el foro sentenciador declaró sin lugar la moción de reconsideración exponiendo los fundamentos legales para así resolver, esto es, no declaró sin lugar la moción de plano. De esta forma, la moción de reconsideración igualmente interrumpió el término que tenían las partes para apelar, conforme lo

resuelto por este Tribunal en Rodríguez Rivera v. Autoridad de Carreteras, ante.

A tenor con todo lo antes expuesto, procede expedir el auto de certiorari solicitado, dictar Sentencia revocatoria de la resolución recurrida y devolver el caso al Tribunal de

Circuito de Apelaciones para procedimientos ulteriores consistentes con lo aquí resuelto.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Héctor J. Orozco Carrasquillo,
María V. Mercado Negrón y la
sociedad legal de gananciales
compuesta por ambos

  Demandantes-peticionarios

          CC-98-822  CERTIORARI

   v.

Olga Sánchez Betancourt y otros

  Demandados-recurridos


**SENTENCIA**


En San Juan, Puerto Rico, a 18 de mayo de 1999


  Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de certiorari solicitado y se dicta Sentencia revocatoria de la resolución emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional VII de Carolina y Fajardo; devolviéndose el caso a dicho foro apelativo intermedio para procedimientos ulteriores consistentes con lo aquí resuelto.

  Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García concurre en el resultado sin opinión escrita. El Juez Presidente señor Andréu García no intervino.


       Isabel Llompart Zeno
       Secretaria del Tribunal Supremo