El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
Los hechos del presente caso son, en apretada síntesis, los siguientes: el 21 de marzo de 1995 la Sra. Fabianita Flores Concepción adquirió de Top Auto Sales, Corp. un automóvil nuevo, marca Mitsubishi, modelo Montero, del año 1995. Luego de varios años, y vencida la garantía básica otorgada a dicho vehículo,(1) el 15 de febrero de 2001 Flores Concepción recibió una notificación de seguridad de parte de Mitsubishi Motor Sales of Caribbean, Inc. (Mitsubishi), indicándole que se había determinado que existía un defecto relacionado con la seguridad de ciertos modelos Monteros de 1992-1996.(2) En específico, se le explicó que el posible defecto consistía en que el tornillo que aseguraba la polea del cigüeñal podía soltarse y la polea podía desprenderse totalmente del vehículo y causar pérdida en la *509 asistencia del power steering. Por esto, se le indicó a Flores Concepción que se comunicara con un centro de servicio autorizado para, sin costo alguno, realizar el trabajo que fuera pertinente a su automóvil, a saber, inspeccionar, ajustar o reemplazar el damper.
Tras hacer la correspondiente cita, el 23 de abril de 2001 Flores Concepción llevó su vehículo a las instalaciones del centro de servicio autorizado de Mitsubishi, entonces conocido como Cacique Motors, en donde, conforme la campaña de seguridad, le cambiaron el tornillo del damper. Posteriormente —y luego de que el vehículo funcionara bien por espacio de un año y ocho meses desde que fue efectuada la referida reparación— éste comenzó a presentar un zumbido en el motor, por lo cual Flores Concepción se comunicó con Mitsubishi al número de teléfono registrado para la campaña de seguridad. Allí le indicaron que, por razones de seguridad, llevara su automóvil en grúa hasta el centro de servicios para verificar el damper. Así procedieron a hacerlo Flores Concepción y su esposo Wilfredo Sanjurjo Sepúlveda, y llevaron el vehículo a Taino Motors.(3)
El automóvil permaneció en el centro de servicios para la reparación correspondiente. Luego de que el técnico de Mitsubishi inspeccionara la unidad, autorizando cambiarle el tornillo del damper, el damper y el cigüeñal del vehículo, el 3 de marzo de 2003 Sanjurjo Sepúlveda recibió una llamada de dicho centro de servicios a través de la cual le notificaron que las bielas del referido vehículo estaban dobladas. En vista de ello, le requirieron el pago de esa reparación, a lo cual Flores Concepción se opuso, por lo cual no se llevó a cabo dicho arreglo. En virtud de lo anterior, el 4 de marzo de 2003 Flores Concepción y Sanjurjo Sepúlveda presentaron una querella ante el Departamento *510 de Asuntos del Consumidor (D.A.Co.), contra Taino Motors y Mitsubishi en la que solicitaron se le entregara su vehículo arreglado y libre de costo.
Luego de varios trámites e incidentes procesales, y de haberse celebrado una vista administrativa, el 30 de septiembre de 2003 D.A.Co. emitió resolución en la que declaró “con lugar” la querella —la cual fue notificada ese mismo día— ordenándole a Mitsubishi que reparara satisfactoriamente, y sin costo alguno, los defectos del vehículo de los querellantes. A su vez, D.A.Co. desestimó la reclamación contra Taino Motors.
Mitsubishi presentó, en tiempo, una moción de reconsideración.(4) Dieciséis días después de presentada dicha moción,(5) D.A.Co. acogió la solicitud de reconsideración y le concedió un término de diez días a la parte querellante para que replicara; el referido foro señaló que “próximamente se considerarían] los méritos de la misma”. Orden de D.A.Co., Apéndice de la Petición de certiorari, pág. 67.
No obstante lo anterior, e inconforme con la antes mencionada determinación, el 25 de noviembre de 2003 Mitsubishi acudió —vía recurso de revisión administrativa— ante el Tribunal de Apelaciones. El 9 de marzo de 2004, mediante resolución a esos efectos, el foro apelativo intermedio le concedió un término de quince días a Mitsubishi para mostrar causa por la cual —conforme lo resuelto en Lagares v. E.L.A., 144 D.P.R. 601, 612 (1997)— no debía desestimar el recurso presentado por prematuro.
En cumplimiento con lo ordenado, el 30 de marzo de 2004 Mitsubishi compareció ante el referido foro. Alegó, en *511 síntesis, que a su entender lo resuelto en Lagares v. E.L.A., ante —a los efectos de que un tribunal de instancia podía acoger una moción de reconsideración aun cuando la hubiese denegado de plano, de estimarlo procedente, si aún no ha transcurrido el término para interponer el recurso de apelación o revisión— se circunscribía a las solicitudes de reconsideración en casos civiles, ello en virtud de las disposiciones de la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, por lo cual nada tenía que ver con los procedimientos de reconsideración de acuerdo con la See. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.), 3 L.P.R.A. see. 2165. Conforme a lo anterior, argumentó que, aun cuando ambas disposiciones legales eran parecidas, existían entre ellas diferencias sustanciales y fundamentales, por lo cual Lagares v. E.L.A., ante, no debía aplicarse por analogía al presente caso.
A esos efectos, Mitsubishi destacó que ambas disposiciones contenían términos distintos dentro de los cuales una parte adversamente afectada podía presentar una moción de reconsideración, a saber: ante la agencia, el plazo es de veinte días, y ante el tribunal de instancia es de quince días; que las agencias cuentan con un término de quince días para atender dicha moción, mientras que el tribunal de instancia cuenta con un término de diez días; que, a diferencia de los tribunales de instancia —para los cuales no existe un límite de tiempo— las agencias administrativas tienen un término jurisdiccional de noventa días, contados a partir de la fecha de presentación de la solicitud de reconsideración, para resolverla una vez ésta era acogida; que la mera presentación de una solicitud de reconsideración ante una agencia administrativa interrumpe el término para acudir en revisión judicial sin estar sujeto a que se acoja la moción, y que, por el contrario, en el foro judicial, si el tribunal de instancia no acoge oportunamente la solicitud —o dentro del término para acudir ante el Tribu *512 nal de Apelaciones— el término no se considera interrumpido ni se extiende de forma alguna.
Mitsubishi alegó, además, que de considerarse que D.A.Co. tenía facultad para acoger la solicitud de reconsideración, el término de noventa días establecido para que el referido foro la resolviera había vencido el 18 de enero de 2004, sin que la agencia se hubiese expresado al respecto. En vista de ello, señaló que D.A.Co. había perdido jurisdicción sobre el asunto, por lo cual éste se encontraba maduro para ser atendido por el foro apelativo intermedio.
Tras varios trámites e incidentes procesales, el 30 de abril de 2004 el Tribunal de Apelaciones emitió una resolución en la que desestimó el recurso por falta de jurisdicción. Al así resolver, estableció que la doctrina establecida en Lagares v. E.L.A., ante, aplicaba, con igual fuerza, en el presente caso ya que, de manera excepcional, podían aplicarse las Reglas de Procedimiento Civil al procedimiento administrativo siempre que no fueran incompatibles con la naturaleza de dicho procedimiento. El foro apelativo intermedio determinó que D.A.Co. —mientras no hubiese transcurrido el término para recurrir en revisión judicial y no se hubiese presentado un recurso de revisión judicial— podía considerar y atender la moción de reconsideración si ésta fue debida y oportunamente presentada. Resolvió que D.A.Co. tenía jurisdicción el 5 de noviembre de 2003 cuando acogió la moción de reconsideración presentada por Mitsubishi, un día después de transcurrido el término establecido en la Sec. 3.15 de la L.P.A.U., ante, pero dentro del término para recurrir ante el Tribunal de Apelaciones, ya que Mitsubishi todavía no había presentado su recurso de revisión. En consecuencia, el foro apelativo intermedio concluyó que el recurso presentado por Mitsubishi era prematuro, por lo cual carecía de jurisdicción para atenderlo.
Insatisfecha con tal proceder, el 26 de septiembre de 2005 Mitsubishi acudió ante este Tribunal —vía certiorari— alegando, en síntesis, que incidió el foro apelativo in *513 termedio al aplicar la doctrina de Lagares v. E.L.A., ante, a una agencia administrativa que actuó sobre una moción de reconsideración fuera del término de quince días establecido en la Sec. 3.15 de la L.P.A.U., ante, contrario a lo establecido en la opinión de este Tribunal en el caso Aut. Desp. Sólidos v. Mun. San Juan, 150 D.P.R. 106 (2000), y a la Regla 28.1 del Reglamento de Procedimientos Adjudicativos del Departamento de Asuntos del Consumidor, Reglamento Núm. 6219 de 18 de octubre de 2000.(6)
Examinada la solicitud de certiorari, el 20 de enero de 2006 emitimos una resolución en la cual concedimos un término de veinte días a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto solicitado y dictar sentencia revocatoria de la resolución emitida por el Tribunal de Apelaciones. Estando en condiciones de resolver el recurso presentado, procedemos a hacerlo.
HH
A. Como es sabido, la See. 4.2 de la L.P.A.U., 3 L.P.R.A. see. 2172, establece un término de treinta días para solicitar la revisión judicial de una decisión final de una agencia. Particularmente, la referida disposición estatutaria dispone que este plazo comienza a transcurrir a partir de la fecha del archivo en autos de la notificación de la decisión administrativa o a partir de la fecha aplicable cuando el término es interrumpido mediante la oportuna presentación de una moción de reconsideración. Pérez v. VPH Motor Corp., 152 D.P.R. 475, 483 (2000); Misión Ind. P.R. v. J.P., 146 D.P.R. 64, 115-116 (1998).
Específicamente, la Sec. 3.15 de la L.P.A.U., ante, rige el procedimiento cuando una parte adversamente *514 afectada por una determinación administrativa desea solicitar una reconsideración ante la agencia. Pérez v. VPH Motor Corp., ante, págs. 482-483; Rodríguez et al. v. A.R.Pe., 149 D.P.R. 111, 115-116 (1999); Misión Ind. P.R. v. J.P., ante, págs. 115-116. Véase, además, D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, 2da ed., Bogotá, Ed. Forum, 2001, pág. 482.
A tales efectos la referida Sec. 3.15 de la L.P.A.U., ante, establece, en lo aquí pertinente, lo siguiente:
La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. (Enfasis nuestro.)
Como podemos notar, surge de esta disposición estatutaria que una oportuna moción de reconsideración interrumpe automáticamente el término para acudir en revisión judicial.(7) De igual forma, se desprende de ésta que, presentada oportunamente dicha moción, la agencia administrativa puede hacer, dentro del término de quince días, lo siguiente: (1) tomar alguna determinación en su consideración; (2) rechazarla de plano, o (3) no actuar sobre ésta, lo cual equivale a rechazarla de plano. Específica *515 mente se establece que, cuando la agencia no toma determinación alguna dentro del referido plazo de quince días, el término para presentar un recurso de revisión comenzará a correr nuevamente desde la expiración de dicho plazo. Aut. Desp. Sólidos v. Mun. San Juan, ante; Misión Ind. P.R. v. J.P., ante, pág. 116; Pagán Ramos v. F.S.E., 129 D.P.R. 888, 904 (1992). Véase, además, Fernández Quiñones, op. cit., pág. 483.
En Misión Ind. P.R. v. J.P., ante, atendimos la interrogante de en qué momento comenzaba a transcurrir el plazo para la revisión judicial cuando la agencia denegaba una solicitud de reconsideración dentro del término de quince días establecido en la Sec. 3.15 de la L.P.A.U., ante, pero notificada a las partes luego de expirado dicho término. Adoptando la interpretación que de la referida Sec. 3.15 hiciera una mayoría de los integrantes de este Tribunal en la sentencia emitida en Rivera v. Mun. de Carolina, 140 D.P.R. 131 (1996), determinamos que, si dentro del plazo de quince días la agencia deniega expresamente la moción de reconsideración, el término para solicitar la revisión judicial comienza a contar a partir de la fecha de la notificación de tal decisión y no a partir de la expiración del plazo de quince días. Misión Ind. P.R. v. J.P., ante, pág. 116.
De este modo, rechazamos la interpretación en cuanto a que la referida Sec. 3.15 de la L.P.A.U., ante, exige el archivo en autos, dentro del plazo de quince días, de una copia de la notificación de la decisión administrativa en la cual se denegaba la moción de reconsideración, para interrumpir el término para solicitar revisión judicial. Misión Ind. P.R. v. J.P., ante, págs. 116-117. A esos efectos, expresamos
... que es sólo cuando la agencia no actúa en forma alguna con respecto a la moción de reconsideración que el término para recurrir judicialmente se comienza a contar a partir de la ex- *516 piración del referido plazo de quince (15) días .... Misión Ind. P.R. v. J.P., ante, pág. 116.(8)
Ahora bien, el presente caso es distinto, ya que la agencia tomó su determinación respecto a la moción de reconsideración y, a su vez, uotificó a las partes fuera del plazo de quince dIas. Por ser esto asI, debemos resolver si la agenda tenla jurisdicción para acoger y emitir una determinación con respecto a dicha moción aun luego de transcurrido el antes mencionado término.(9)
B. La Regla 47 de Procedimiento Civil, ante, regula lo pertinente a la presentación de mociones de reconsjderacjón ante los tribunales de instancja. Soc. de Gananciales v. Sánchez, 148 D.P.R. 326, 334-335 (1999). A tales efectos, la referida regla establece en lo aquf pertinente:
La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podr, dentro del término jurisdiccional de quince (15) días desde la fecha de la notificación de la resolución u orden ... presentar una moción de reconsideración de la resolución, orden o sentencia ....
El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deber considerarla. Si la rechazare de *517 plano, el término para apelar o presentar un recurso de certiorari se considerar como que nunca fue interrumpido. ...
... Si el tribunal dejare de tomar alguna acción dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano. 32 L.P.R.A. Ap. Ill, R. 47.
La transcrita disposición busca “crear la oportunidad para que un tribunal sentenciador pueda realizar la significativa tarea de corregir cualquier error que haya cometido al dictar una sentencia o resolución” y “evitar que el medio procesal de la reconsideración se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial”. Lagares v. E.L.A., ante, pág. 612. Véanse, además: J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. II, pág. 765; R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, San Juan, Michie de Puerto Rico, 1997, pág. 294.
Hemos indicado, reiteradamente, que si el foro primario no toma acción alguna con respecto a una moción de reconsideración oportunamente presentada, dentro de los diez días de haber sido instada, ésta se entiende rechazada de plano y se considerará que el término para acudir en revisión judicial ante el foro pertinente nunca fue interrumpido por la mencionada moción. Soc. de Gananciales v. Sánchez, ante; Villanueva v. Hernández Class, 128 D.P.R. 618 (1991); Rodríguez Rivera v. Autoridad Carreteras, 110 D.P.R. 184 (1980); Cuevas Segarra, op. cit, pág. 770.
Ello no obstante, hemos reconocido que cuando un tribunal rechaza de plano una moción de reconsideración oportunamente interpuesta, ya fuese por acción afirmativa o por inacción, dicho foro no queda privado, automáticamente, de su facultad para reconsiderar su actuación previa. Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. 314 (1997); Villanueva v. Hernández Class, ante; *518 Rodríguez Rivera v. Autoridad Carreteras, ante; El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 791, 800 (1965).
A tales efectos, en Lagares v. E.L.A., ante, entre otras cosas, reiteramos dicha norma y establecimos que, mientras no haya transcurrido el término para recurrir en alzada, el tribunal puede considerar y atender la moción de reconsideraciOn. A esos efectos, especIficamente expresamos que aunque el foro de instancia haya denegado inicialmente la moción de reconsideración puede acogerla, posteriormente, de estimarlo procedente, si aân no ha transcurrido el término para interponer el recurso de apelación o revision. Lagares v. E.L.A., ante, pág. 613. Señalamos que "U]o determinativo para que se interrumpa el tOrmino de apelación o revisiOn es que el foro de instancia tome alguna acción para acoger la moción de reconsideradon mientras atm tiene jurisdicciOn sobre el caso". Id. De este modo, una vez la moción de reconsideración se acoge, el tOrmino para la apelaciOn o la revisiOn queda interrumpido hasta que se resuelva definitivamente dicha moción. Id.
En el presente caso, y conforme con la decisión emitida en Lagares v. E.L.A., ante, el Tribunal de Apelaciones determinó que D.A.Co. podía considerar una moción de reconsideración siempre y cuando no hubiese transcurrido el término para acudir en revisión judicial; ello por el fundamento de que pueden aplicarse al ámbito administrativo las Reglas de Procedimiento Civil siempre que sean compatibles con la naturaleza de dicho procedimiento.
Hemos senalado que las Reglas de Procedimiento Civil no aplican automáticamente en procedimientos administrativos. Pérez v. VPH Motor Corp., ante, pág. 484. Véanse: Lopez Vives v. Policía de P.R., 118 D.P.R. 219 (1987); Berríos v. Comisión de Minería, 102 D.P.R. 228 (1974); Martínez v. Tribunal Superior, 83 D.P.R. 717 (1961). No obstante lo anterior, en reiteradas ocasiones este Tribunal ha aplicado dichas reglas al ordenamiento *519 procesal administrativo, siempre que éstas fueran compatibles con dicho proceso y propiciaran una solución justa, rápida y económica. Florenciani v. Retiro, 162 D.P.R. 365 (2004); Hosp. Dr. Domínguez v. Ryder, 161 D.P.R. 341 (2004); Pérez v. VPH Motor Corp., ante; Ortiz v. Adm. Sist. de Retiro Emp. Gob., 147 D.P.R. 816, 822 (1999); Pérez Rodríguez v. P.R. Park. Systems, Inc., 119 D.P.R. 634, 639-640 (1987). Ahora bien, hemos señalado que ello no procede cuando la extensión de las reglas judiciales acarrea trabas que obstaculizan la flexibilidad, agilidad o sencillez que debe tener el proceso administrativo. Florenciani v. Retiro, ante; Hosp. Dr. Domínguez v. Ryder, ante; Pérez v. VPH Motor Corp., ante.
Conforme a lo anterior, hemos incorporado al ámbito administrativo normas aplicables a los litigios civiles. Véase Febles v. Romar, 159 D.P.R. 714 (2003). Particularmente, hemos aplicado por analogía la antes mencionada Regla 47 de Procedimiento Civil para resolver ciertas controversias con respecto a la interrupción del término para acudir en revisión judicial. Pérez v. VPH Motor Corp., ante, págs. 485-486. Así pues, hemos establecido, entre otras cosas, que la interrupción del término para acudir en alzada, producto de la oportuna solicitud de reconsideración de una de las partes ante la agencia administrativa, beneficia a cualquier otra parte en el pleito. Pérez v. VPH Motor Corp., ante.
A su vez, hemos determinado que “tomar alguna determinación” sobre la moción de reconsideración equivale a que una agencia administrativa ordene a la parte adversa exponer su posición respecto a ésta.(10) Ortiz *520 v. Adm. Sist. de Retiro Emp. Gob., ante. De igual forma, en Febles v. Romar, ante, aplicamos, de forma prospectiva y por analogía, lo resuelto en Lagares v. E.L.A., ante, a los efectos de que el término para notificar una moción de reconsideración a las demás partes no es de carácter jurisdiccional, sino de cumplimiento estricto.
1—i
Argumenta el peticionario que erró el Tribunal de Apelaciones al aplicar la antes mencionada norma establecida en Lagares v. E.L.A., ante, a una agencia administrativa que actuó fuera del término de quince días establecido en la Sec. 3.15 de la L.P.A.U., ante; ello por entender que tal actuación es contraria a lo establecido por este Tribunal en Adm. Desp. Sólidos v. Mun. San Juan, ante, y, a su vez, a lo dispuesto en la Regla 28.1 del Reglamento Núm. 6219 de D.A.Co., ante.
En el referido caso, resuelto mediante Sentencia, una parte acudió al Tribunal de Apelaciones luego de que la agencia administrativa denegara su moción siete meses después de que fue oportunamente presentada. Allí resolvimos que una parte que pretende incoar un recurso de revisión judicial tenía que acatar el mandato de la L.P.A.U. a los efectos de que, si la agencia concernida no consideró su solicitud de reconsideración dentro de los quince días que tenía para hacerlo, dicha parte tenía treinta días, a partir de la fecha en que se cumplieron los quince días antes mencionados, para presentar su recurso ante el Tribunal de Apelaciones. Como no lo hizo, determinamos que su recurso fue tardío, por lo cual el Tribunal de Apelaciones *521 actuó sin jurisdicción y, por ende, este Tribunal estaba impedido de adjudicar la controversia.
Como vemos, los hechos del referido caso son distintos al caso de autos. Allí la agencia tomó su determinación con respecto a la moción de reconsideración no sólo fuera del plazo de quince días establecido en la Sec. 3.15 de la L.P.A.U., ante, sino que, además, la denegó fuera del término establecido para recurrir en revisión judicial. En este caso, por el contrario, si bien es cierto que D.A.Co. tomó su determinación fuera del plazo de quince días, lo hizo dentro del término que tenía la parte perdidosa para acudir ante el Tribunal de Apelaciones y antes de que se presentara un recurso de revisión judicial.
HH f—I h-H
Somos del criterio que de manera similar a los casos en los cuales hemos aplicado anteriormente la Regla 47 de Procedimiento Civil, ante, aplicar a la situación de hechos de este caso lo establecido en Lagares v. E.L.A., no perturba ni es incompatible con el proceso administrativo. Ello no incide sobre la “necesidad de que los organismos administrativos funcionen sin la flexibilidad que generalmente caracteriza a los tribunales”. Pérez v. VPH Motor Corp., ante. En última instancia, dicha determinación resulta procedente cuando la aplicación de las normas de las Reglas de Procedimiento Civil sean compatibles con el proceso administrativo y propicien una solución justa, rápida y económica. No hay duda que adoptar en este caso lo resuelto en Lagares v. E.L.A., ante, propicia los mencionados objetivos.
El hecho de que una agencia administrativa pueda acoger una moción de reconsideración —luego de transcurrido el plazo de quince días que se establece para que la agencia la atienda y antes de que se presente un recurso judicial en revisión de la decisión administrativa *522 emitida— ciertamente no produce incertidumbre alguna respecto a cuándo comienza a transcurrir el término para recurrir en revisión judicial. Sólo cuando todavía no ha transcurrido el término para acudir en revisión ante el foro judicial y no se haya presentado el recurso de revisión judicial, es que la agencia tendría jurisdicción para tomar alguna determinación sobre la moción de reconsideración presentada fuera del mencionado término de quince días. Lo anteriormente expresado resulta ser cónsono con lo dispuesto en la antes mencionada Regla 28.2 del Reglamento Núm. 6219, ante, para que D.A.Co. pueda reconsiderar sus resoluciones, a iniciativa propia, antes de que expire el término pautado para presentar el recurso de revisión judicial.
Resolvemos, en consecuencia, que una agencia administrativa tiene jurisdicción para acoger una moción de reconsideración, aun después de transcurrido el término establecido para ello en la Sec. 3.15 de la L.P.A.U., ante, siempre y cuando no haya transcurrido el término para acudir en revisión ante el Tribunal de Apelaciones y no se haya presentado un recurso ante dicho foro. En este caso D.A.Co. acogió la moción de reconsideración dieciséis días luego de presentada la moción de reconsideración, pero dentro del término para recurrir en revisión judicial y antes de que Mitsubishi presentara su recurso de revisión administrativa ante el Tribunal de Apelaciones. Al ser así, y teniendo jurisdicción D.A.Co. para acoger su moción de reconsideración, resolvemos que el recurso presentado por Mitsubishi —con posterioridad a que D.A.Co. acogiera la moción de reconsideración— fue prematuro, por lo cual el Tribunal de Apelaciones carecía de jurisdicción para resolverlo.
*523 IV
No obstante lo anteriormente expresado y resuelto, so-mos del criterio que la norma hoy establecida debe tener efecto prospectivo. Ello porque ésta es de nueva creación y la aplicación de dicha norma al presente caso conllevaría, en cierto modo, la comisión de una injusticia contra una parte —Mitsubishi— que hoy no tendría derecho a la presentación de un nuevo recurso judicial para revisar la decisión emitida por D.A.Co., ya que habrían transcurrido todos los términos posibles.
Por ello, procede expedir el recurso de certiorari presentado, dictar sentencia revocatoria de la resolución emitida por el Tribunal de Apelaciones y devolver el caso a dicho foro apelativo para que dilucide y resuelva el recurso presentado por Mitsubishi.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri emitió una opinión de conformidad en parte y disidente en parte.

 A este vehículo se le otorgó una garantía básica, “bumper to bumper” de 3 años o 36,000 millas, lo que primero ocurriera, y una garantía extendida para cubrir defectos en motor y transmisión por 5 años ó 60,000 millas, lo que primero ocurriera. Conforme a los términos de ésta, la garantía venció el 21 de marzo de 2000, por el transcurso de los cinco años desde la compraventa del automóvil.

 La referida notificación se envió en cumplimiento con los requerimientos del “National Traffic and Motor Vehicle Safety Act”.

 Antes de la intervención de Taino Motors, Flores López había notado que a su automóvil se le encendía la luz de check engine. A raíz de esto, llevó su vehículo a un mecánico de su preferencia, quien recomendó el cambio de varias piezas. El 7 de enero de 2003 Flores Concepción adquirió dichas piezas, las cuales posteriormente llevó a Taino Motors para su instalación.

 Conforme las disposiciones de la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.), 3 L.P.R.A. see. 2165, Mitsubishi tenía el término de veinte días para presentar dicha moción.

 Según establece la antes mencionada Sec. 3.15, la agencia tenía el término de quince días para atender dicha moción de reconsideración.

 Asimismo, Mitsubishi presentó una moción en auxilio de nuestra jurisdicción, la cual declaramos “sin lugar” por improcedente.

 Es preciso señalar que la moción de reconsideración en el ámbito administrativo dejó de ser un requisito jurisdiccional para poder recurrir en revisión judicial. D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, 2da ed., Bogotá, Ed. Forum, 2001, págs. 482-483.

 Vale la pena señalar que en Rivera v. Mun. de Carolina, 140 D.P.R. 131 (1996), se intimó de igual forma, que el mismo efecto tendría si la agencia decide considerar la moción de reconsideración en sus méritos.

 De particular pertinencia para el presente caso es lo dispuesto en la Regla 28 del Reglamento de Procedimientos Adjudicativos del Departamento de Asuntos del Consumidor, Reglamento Núm. 6219 de 18 de octubre de 2000, sobre reconsideración y revisión judicial. La referida regla contiene un lenguaje similar al de la Sec. 3.15 de la L.P.A.U., ante. Dicha regla establece que el Departamento de Asuntos del Consumidor (D.A.CO.) “podrá reconsiderar sus resoluciones a iniciativa propia antes de que expire el término para radicar revisión judicial”. Regla 28.2 del Reglamento Núm. 6219, ante.
Específicamente, la Regla 28.1, ante, dispone, en lo aquí pertinente, lo siguiente:
“[L]a parte adversamente afectada por una resolución u orden parcial interlocutoria o final podrá solicitar [Reconsideración. La solicitud de [Reconsideración deberá ser presentada y recibida en el Departamento dentro del término junsdiccional de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden. El Departamento dentro de los quince (15) días de haberse presentado dicha solicitud podrá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión judicial comenzará a correr nuevamente desde que se notifique dicha denegatona o desde que expiren esos quince días, según el caso.”

 En Pérez Rodríguez v. P.R. Park. Systems, Inc., 119 D.P.R. 634 (1987), este Tribunal, al analizar el Art. 16 de la Ley Orgánica del Departamento de Asuntos del Consumidor, Ley Núm. 5 de 23 de abril de 1973 (3 L.P.R.A. sec. 341o), aplicó el principio contenido en la referida Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, a los efectos de que si “se tomare alguna determinación en su consideración [de la moción de reconsideración], el término [para acudir en alzada] ... empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la *520 resolución ... resolviendo definitivamente la moción de reconsideración”. Ala luz de lo anterior, este Tribunal resolvió que, según la citada Regla 47, el término de treinta das para acudir del D.A.Co. al Tribunal de Circuito de Apelaciones establecido en el referido Art. 16, se entenda interrumpido cuando dicho organismo administrativo tomaba acción afirmativa dentro del referido término.