AUTORIDAD DE DESPERDICIOS SÓLIDOS, querellante y recurrida, *v.* MUNICIPIO DE SAN JUAN, querellado y recurrente.

*Número:* CC-96-208        *Resuelto:* 19 de enero de 2000

*Ana María López Erquicia* y *Teresa García Dávila*, abogadas de la parte peticionaria; *Valery López Torres*, abogada de la parte recurrida.

## SENTENCIA

El Municipio de San Juan (en adelante el Municipio) y la Autoridad de Desperdicios Sólidos (en adelante la Autoridad) suscribieron un contrato de arrendamiento de maquinaria pesada el 7 de febrero de 1990; a ser utilizado dicho equipo en el vertedero de San Juan. En el contrato, el Municipio se comprometió a pagar siete mil quinientos ochenta y tres dólares ($7,583) mensuales. El contrato, que era prorrogable "por acuerdo de las partes",(¹) era por un término original de duración de un año, el cual comenzó a transcurrir a partir del 1ro de julio de 1989.(²) El mismo fue renovado por un año adicional, bajo los mismos términos y condiciones, a partir del 1ro de julio de 1990.(³) El contrato estuvo vigente hasta el 30 de junio de 1991. Luego de esa fecha, el mismo no fue renovado.

Vencido el contrato, el Municipio permaneció en posesión del equipo, el cual alegadamente quedó almacenado en las facilidades del Departamento de Control Ambiental Municipal. Así las cosas, la Autoridad envió una carta al Municipio, fechada el 24 de agosto de 1992, en la cual exigió de éste el pago de noventa mil novecientos noventa y seis dólares ($90,996) por concepto de los cánones de arrendamiento correspondientes al período de tiempo entre 1ro de julio de 1991 y el 30 de junio de 1992. Finalmente, y luego de varias comunicaciones de una y otra parte, la Autoridad sometió el caso ante la consideración de la Comisión para Resolver Controversias sobre Pagos y Deudas entre Agencias Gubernamentales (en adelante la Comisión), creada por la Ley Núm. 80 de 3 de junio de 1980 (3 L.P.R.A. secs. 1751–1753).

Dicha Comisión, luego de varios trámites procesales, celebró vista el 7 de diciembre de 1994. En la vista, el Muni-

---

(¹) Cláusula segunda del contrato de arrendamiento de maquinaria pesada.

(²) *Exhibit* 1 de la Petición de *certiorari*.

(³) *Exhibit* 2 de la Petición de *certiorari*.

cipio solicitó la desestimación de la acción por falta de jurisdicción de la Comisión. La Oficial Examinadora denegó dicha solicitud el mismo día, esto es, el 7 de diciembre de 1994. El Municipio presentó, en tiempo, una solicitud de *reconsideración que fue radicada el 27 de diciembre de 1994,* junto con un memorando de derecho en apoyo de la misma. La solicitud *fue declarada no ha lugar el 23 de mayo de 1996; esto es, casi diecisiete (17) meses después de presentada.* La Autoridad, mientras tanto, ajustó su factura original de noventa mil novecientos noventa y seis dólares ($90,996) a treinta y siete mil novecientos quince dólares ($37,915). Esa es la cantidad que actualmente se reclama del Municipio.[4]

El Municipio presentó un recurso de revisión judicial *el 7 de junio de 1996* ante el Tribunal de Circuito de Apelaciones. En el mismo, alegó que había errado la Comisión al no reconocer su falta de jurisdicción para entender en la materia y al tomar una determinación contraria a la política pública, poderes y facultades reconocidos a los municipios por la Asamblea Legislativa a través de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 L.P.R.A. sec. 4001 *et seq.* El Tribunal de Circuito de Apelaciones *denegó* el recurso el 11 de junio de 1996.

Inconforme, el Municipio acudió ante este Tribunal, vía *certiorari.* Expedimos el recurso. Oportunamente, la Autoridad presentó su oposición al recurso de *certiorari.* En esencia, el Municipio argumenta que la Comisión carece de jurisdicción. Apuntala su contención en dos (2) argumentos, a saber: primero, alega que el Municipio ya no es parte del gobierno central y que, por lo tanto, no puede sometérsele ante una comisión que resuelve controversias entre

---

[4] Del expediente no surge la razón para el ajuste en la cantidad adeudada. Tampoco surge si el Municipio ya devolvió la maquinaria pesada objeto de la controversia o la fecha en que ello ocurrió.

"agencias gubernamentales";([5]) y, segundo, que la ley que crea la Comisión sólo la faculta para entender en asuntos donde deba determinarse el monto y modo de pagar una deuda entre agencias y no cuando se cuestiona la existencia de la misma.([6])

La Autoridad, por su parte, plantea que la Asamblea Legislativa facultó a la Comisión para resolver controversias como ésta para la cual tiene jurisdicción primaria y exclusiva, según concluyó el Secretario de Justicia en su Opinión Núm. 8 de 1985.

Estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

## I

La Ley de la Judicatura de Puerto Rico de 1994, según enmendada el 25 de diciembre de 1995, en su Art. 4.002(g), 4 L.P.R.A. 22k(g), otorga competencia al Tribunal de Circuito de Apelaciones para revisar decisiones y órdenes administrativas. En específico, el inciso (g) del mencionado artículo de ley dispone que ello se hará mediante auto de revisión, a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante L.P.A.U.), 3 L.P.R.A. sec. 2101 *et seq.*

---

([5]) "Erró la Comisión para Resolver Controversias sobre Pagos y Deudas entre Agencias Gubernamentales al tomar una determinación cuando carece de jurisdicción para resolver una controversia que es estrictamente justiciable a través de los Tribunales y no por medio de unidades administrativas." Petición de *certiorari*, pág. 5.

([6]) "Erró la Comisión para Resolver Controversias sobre Pagos y Deudas entre Agencias Gubernamentales al tomar una determinación contraria a la política pública que pone en vigor, y a los poderes y facultades que le han sido conferidos por mandato expreso de la Asamblea Legislativa a los municipios." Petición de *certiorari*, pág. 5.

■ Así, pues, la Sec. 4.2 de la L.P.A.U., 3 L.P.R.A. sec. 2172, establece, en lo pertinente, que "una parte adversamente afectada *por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente* podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones". (Énfasis suplido.)

■ No obstante, hemos resuelto que el planteamiento sobre carencia de jurisdicción es uno de índole privilegiado que puede hacerse, incluso, por primera vez, a nivel apelativo; que los tribunales deben ser celosos guardianes de su jurisdicción, al extremo que, incluso, aun ante ausencia de señalamiento a esos efectos por las partes, el Tribunal viene en la obligación de levantarlo *motu proprio. Vázquez v. A.R.Pe.*, 128 D.P.R. 513 (1991); *Martínez v. Junta de Planificación*, 109 D.P.R. 839, 842 (1980); *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644, 645 (1979).([7])

En el caso de autos, estamos impedidos de evaluar, y resolver, el recurso ante nuestra consideración puesto que hay un defecto jurisdiccional vital: el recurso fue presentado tardíamente ante el Tribunal de Circuito de Apelaciones. Veamos.

■ La Sec. 3.15 de la L.P.A.U., 3 L.P.R.A. sec. 2165,([8])

---

([7]) J. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1986, Vol. II, Cap. II, pág. 10 y ss.

([8]) "La parte adversamente afectada por una *resolución u orden parcial o final* podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince(15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa días (90) días de ésta

dispone que una parte adversamente afectada por la determinación de una agencia tendrá veinte (20) días, desde la fecha de archivo en autos de la notificación de la resolución, para solicitar reconsideración de la misma. Una vez radicada la moción, la agencia tendrá quince (15) días para atenderla. Según la Sec. 4.2 (3 L.P.R.A. sec. 2172),(⁹) si la agencia no actúa sobre la misma dentro de esos quince (15) días, el término para acudir en revisión judicial, el cual es de treinta (30) días, empezará a contarse a partir del momento en que expiraron los referidos quince (15) días.

En el caso ante nos, el Municipio presentó el 7 de diciembre de 1994 la moción solicitando la desestimación

---

haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales." 3 L.P.R.A. sec. 2165.

(⁹) "Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 2165 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo.

"En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final de la agencia, o de la entidad apelativa de subastas, según sea el caso, podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones dentro de un término de diez (10) días contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o la entidad apelativa, o dentro de los diez (10) días de haber transcurrido el plazo dispuesto por la sec. 2169 de este título. La mera presentación de una solicitud de revisión al amparo de esta sección no tendrá el efecto de paralizar la adjudicación de la subasta impugnada.

"La competencia sobre el recurso de revisión será del Circuito Regional correspondiente al lugar donde se planee, se esté llevando o se haya llevado a cabo la actividad o incidente que hubiera dado lugar a la controversia. Si la actividad o incidente se está llevando o se llevará a cabo, o hubiere ocurrido en más de una región judicial, se podrá presentar el recurso de revisión en cualquiera de los Circuitos correspondientes a tales regiones.

"Una orden o resolución interlocutoria de una agencia no es revisable directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia." 3 L.P.R.A. sec. 2172.

ante la Comisión, la cual fue denegada ese mismo día. El 27 de diciembre de 1994, o sea, veinte (20) días después, el Municipio presentó, en tiempo, una moción de reconsideración. La misma fue atendida, y resuelta, por la agencia el 23 de mayo de 1996, o sea, diecisiete (17) meses después de presentada la moción de reconsideración, cuando ya estaba *impedida* de resolver la solicitud de reconsideración.

Dado los hechos particulares de este caso, si el Municipio de San Juan pretendía incoar un recurso de revisión judicial, tenía que acatar el mandato de la L.P.A.U.: cual es, si la agencia concernida no consideró la solicitud de reconsideración, dentro de los quince (15) días que tenía para hacerlo, el Municipio tenía treinta (30) días a partir de la fecha en que se cumplieron los quince (15) días antes mencionados para radicar su recurso ante el Tribunal de Circuito de Apelaciones; esto es, tenía hasta el 10 de febrero de 1995 para hacerlo. No lo hizo dentro de ese término; por el contrario, radicó su recurso fuera de término, el 7 de junio de 1996.

Por lo tanto, el Tribunal de Circuito de Apelaciones actuó sin jurisdicción y, por ende, nosotros estamos impedidos de adjudicar la controversia.[10]

Por lo anteriormente expuesto, *se dicta sentencia revocatoria de la emitida en el presente caso por el Tribunal de Circuito de Apelaciones, por haber sido dictada sin jurisdicción, y se confirma la denegatoria de desestimación emitida por la Comisión para Resolver Controversias sobre Pa-*

---

[10] Debemos señalar que la Comisión para Resolver Controversias sobre Pagos y Deudas entre Agencias Gubernamentales es una agencia, según lo define L.P.A.U., en tanto ésta posee facultades investigativas y no ha sido expresamente excluida de dicha Ley.

En estos momentos no pasamos juicio sobre el Art. 3 de la Ley Orgánica de la Comisión para Resolver Controversias sobre Pagos y Deudas entre Agencias Gubernamentales, 3 L.P.R.A. sec. 1753, el cual limita la revisión judicial de las determinaciones de la Comisión. Esto pues, lo que se pretende revisar es un pronunciamiento interlocutorio relativo a la jurisdicción de la Comisión y no propiamente una determinación de ésta.

*gos y Deudas entre Agencias Gubernamentales; devol-
viéndose el asunto ante dicho foro administrativo para
procedimientos ulteriores.*

Así lo pronunció, manda el Tribunal y certifica la Secre-
taria del Tribunal Supremo. La Juez Asociada Señora Na-
veira de Rodón concurrió con el resultado sin opinión
escrita. El Juez Asociado Señor Fuster Berlingeri emitió
una opinión disidente.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

— O —

Opinión disidente emitida por el Juez Asociado Señor Fus-
ter Berlingeri.

En el caso de autos, una mayoría del Tribunal deniega
el recurso de *certiorari* presentado por el Municipio de San
Juan, porque supuestamente el peticionario no cumplió
con los términos dispuestos por la Ley de Procedimiento
Administrativo Uniforme del Estado Libre Asociado de
Puerto Rico (en adelante la LPAU) para la revisión judicial
de las decisiones de las agencias administrativas.

Disiento de este dictamen por entender, *inter alia*, que
las disposiciones referidas de la LPAU no son aplicables al
asunto ante nos.

En mi criterio, la llamada "Comisión para Resolver Con-
troversias sobre Pagos y Deudas entre Agencias Guberna-
mentales" (en adelante la Comisión), que aquí nos con-
cierne, no es propiamente un organismo como los previstos
y regulados mediante la LPAU. No se trata de una agencia
investida con las funciones tradicionales de los organismos
administrativos, ni está constituida como éstos.

La "Comisión" referida es en realidad sólo un meca-
nismo de mediación burocrática establecido para resolver
determinadas diferencias de criterio sobre cuentas

interagenciales. Dicha "Comisión" está integrada por el Secretario de Justicia, el Secretario de Hacienda y el Director de Presupuesto, *con el fin de lograr acuerdos* sobre el *monto* que una agencia gubernamental le deba a otra por servicios prestados, o sobre el *modo* en que debe pagarse el monto adeudado. Se trata, pues, de un comité del Poder Ejecutivo que interviene cuando las agencias concernidas no han podido ponerse de acuerdo con respecto a los dos (2) asuntos mencionados antes sobre cuentas entre ellas.[1]

La naturaleza puramente burocrática de la llamada "Comisión" —que nos concierne aquí— se desprende también de lo dispuesto en el último párrafo del Art. 3 de la Ley Orgánica de la Comisión para Resolver Controversias sobre Pagos y Deudas entre Agencias Gubernamentales, 3 L.P.R.A. sec. 1753. Se dispone allí que cualquier determinación de la Comisión sobre el modo en que deberá pagarse la cantidad que una agencia le deba a otra, o sobre el monto de dicha cantidad si ello estuviese en controversia, "*será final y firme y no será apelable ante ningún organismo judicial o cuasi judicial*". (Énfasis suplido.) Íd. Tales determinaciones, pues, no constituyen propiamente una adjudicación sino sólo un dictamen ejecutivo.

En vista de lo anterior, es al menos dudoso que la LPAU aplique aquí. Sin embargo, la mayoría de este Tribunal en su breve sentencia ni siquiera menciona o discute este asunto que, entre otras cosas, considero medular.

Por otro lado, la mayoría tampoco discute el alcance o la validez del referido Art. 3 de la ley en cuestión, que prohíbe cualquier revisión judicial de los dictámenes de la "Comisión" que aquí nos concierne. Si tal disposición prevaleciese según su sentido literal, entonces el foro apelativo carecía de jurisdicción en este caso, por un fundamento muy diferente del que la mayoría de este Tribunal invoca en su sentencia. En esa situación sería indispensable examinar

---

[1] Véase la Exposición de Motivos de la Ley Núm. 80 de 3 de junio de 1980, Leyes de Puerto Rico, pág. 242.

qué avenidas procesales, si alguna, tenía el Municipio para impugnar el reclamo de pago que le presentó la Autoridad de Desperdicios Sólidos, que dio lugar a este caso.

La mayoría no examina ninguna de estas cuestiones esenciales, ni otras que son pertinentes, por lo que no puedo concurrir de modo alguno con su dictamen.