EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Fabianita Flores Concepción<br><br>    Querellante-recurrida<br><br>            vs.<br><br> Taíno Motors, Inc.<br><br>        Co-querellada<br><br>Mitsubishi Motor Sales of<br>Caribbean, Inc.<br><br>        Co-querellada-peticionaria | Certiorari<br><br>2006 TSPR 120<br><br>168 DPR ____ |

Número del Caso: CC-2005-889


Fecha: 12 de julio de 2006

Tribunal de Apelaciones:

                    Región I de San Juan-Panel IV

Panel integrado por su Presidente, el Juez Gierbolini, el Juez Cordero y el Juez Rodríguez Muñiz


Abogados de la Parte Peticionaria:

                    Lcdo. Antonio J. Colón-Alsina
                    Lcdo. Carlos J. Grovas-Porrata

Abogado de la Parte Recurrida:

                    Lcdo. José A. Pérez Otero


Materia: Revisión Administrativa


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Fabianita Flores Concepción

    Querellante-recurrida

       vs.

Taíno Motors, Inc.               CC-2005-889     CERTIORARI

    Co-querellada

Mitsubishi Motor Sales of
Caribbean, Inc.

    Co-querellada-peticionaria


OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 12 de julio de 2006

Los hechos del presente caso son, en apretada síntesis, los siguientes: el 21 de marzo de 1995 la señora Fabianita Flores Concepción adquirió de Top Auto Sales, Corp. un automóvil nuevo, marca Mitsubishi, modelo Montero, del año 1995. Luego de varios años y vencida la garantía básica otorgada a dicho vehículo[1], el 15 de febrero de 2001, Flores Concepción recibió una

---

[1] A este vehículo se le otorgó una garantía básica, *bumper to bumper*, de 3 años ó 36,000 millas, lo que primero ocurriera y una garantía extendida para cubrir defectos en motor y transmisión por 5 años o 60,000 millas, lo que primero ocurriera. Conforme a los términos de la misma, la garantía venció el 21 de marzo de 2000, por el transcurso de los cinco (5) años desde la compraventa del automóvil.

notificación de seguridad de parte de Mitsubishi Motor Sales of Caribbean, Inc., en adelante Mitsubishi, indicándole que se había determinado que existía un defecto relacionado con la seguridad de ciertos modelos Monteros de 1992-1996[2]. En específico, se le explicó que el posible defecto consistía en que el tornillo que aseguraba la polea del cigüeñal podía soltarse y la polea podía desprenderse totalmente del vehículo causando pérdida en la asistencia del *power steering*. Siendo ello así, se le indicó a Flores Concepción que se comunicara con un centro de servicio autorizado para, sin costo alguno, realizar el trabajo que fuera pertinente a su automóvil, a saber, inspeccionar, ajustar o reemplazar el *damper*.

Tras hacer la correspondiente cita, el 23 de abril de 2001 Flores Concepción llevó su vehículo a las facilidades del centro de servicio autorizado de Mitsubishi, entonces conocido como Cacique Motors, en donde, conforme la campaña de seguridad, le cambiaron el tornillo del *damper*. Posteriormente --y luego de que el vehículo funcionara bien por espacio de un año y ocho meses desde que fue efectuada la referida reparación-- el mismo comenzó a presentar un zumbido en el motor, por lo cual ésta se comunicó con Mitsubishi al número de teléfono registrado para la campaña de seguridad. Allí le indicaron que, por razones de seguridad, llevara su automóvil en grúa hasta

---

[2] La referida notificación se envió en cumplimiento con los requerimientos del "National Traffic and Motor Vehicle Safety Act".

el centro de servicios para verificación del *damper*. Así procedieron a hacerlo Flores Concepción y su esposo Wilfredo Sanjurjo Sepúlveda, llevando el vehículo a Taíno Motors.[3]

El automóvil permaneció en el centro de servicios para la reparación correspondiente. Luego de que el técnico de Mitsubishi inspeccionara la unidad, autorizando cambiarle el tornillo del *damper*, el *damper* y el cigüeñal del vehículo-- el 3 de marzo de 2003 Sanjurjo Sepúlveda recibió una llamada de dicho centro de servicios a través de la cual le notificaron que las bielas del referido vehículo estaban dobladas. En vista de ello, le requirieron el pago de <u>esa</u> reparación, a lo cual Flores Concepción se opuso, por lo cual no se llevó a cabo dicho arreglo. En virtud de lo anterior, el 4 de marzo de 2003 Flores Concepción y Sanjurjo Sepúlveda presentaron una <u>querella</u> ante el Departamento de Asuntos del Consumidor, en adelante D.A.C.O., contra Taíno Motors y Mitsubishi solicitando se le entregara su vehículo <u>arreglado y libre de costo</u>.

Luego de varios trámites e incidentes procesales, y de haberse celebrado una vista administrativa, <u>el 30 de septiembre de 2003</u>, el D.A.C.O. emitió resolución

---

[3] Antes de la intervención de Taíno Motors, Flores López había notado que a su automóvil se le encendía la luz de *check engine*. A raíz de esto, llevó su vehículo a un mecánico de su preferencia quien recomendó el cambio de varias piezas. El 7 de enero de 2003 Flores Concepción adquirió dichas piezas, las cuales posteriormente llevó a Taíno Motors para su instalación.

declarando <u>con</u> lugar la querella --la cual fue notificada ese mismo día-- ordenándole a Mitsubishi que reparara satisfactoriamente, <u>y sin costo alguno</u>, los defectos del vehículo de los querellantes. A su vez, el D.A.C.O. desestimó la reclamación contra Taíno Motors.

Mitsubishi presentó, <u>en tiempo</u>, una moción solicitando reconsideración[4]. <u>Dieciséis (16) días después de presentada dicha moción</u>[5], el D.A.C.O. <u>acogió</u> la solicitud de reconsideración y le concedió un término de diez (10) días a la parte querellante para que replicara; el referido foro señaló que "próximamente se considerar[ían] los méritos de la misma".

No obstante lo anterior, e inconforme con la antes mencionada determinación, el 25 de noviembre de 2003, Mitsubishi acudió --vía recurso de revisión administrativa-- ante el Tribunal de Apelaciones. El 9 de marzo de 2004, mediante resolución a esos efectos, el foro apelativo intermedio le concedió un término de quince (15) días a Mitsubishi para <u>mostrar causa</u> por la cual --conforme lo resuelto en <u>Lagares Pérez</u> v. <u>E.L.A.</u>, 144 D.P.R. 601, 612 (1997)-- <u>no debía desestimar el recurso presentado por prematuro</u>.

_____

[4] Conforme las disposiciones de la Sección 3.15 de la LAPAU, 3 L.P.R.A. sec. 2165, Mitsubishi tenía el término de 20 días para radicar dicha moción.

[5] Según establece la antes mencionada Sección 3.15, la agencia tenía el término de 15 días para atender dicha moción de reconsideración.

En cumplimiento con lo ordenado, el 30 de marzo de 2004 Mitsubishi compareció ante el referido foro. Alegó, en síntesis, que a su entender lo resuelto en Lagares —a los efectos de que un tribunal de instancia podía acoger una moción de reconsideración aun cuando la hubiese denegado de plano, de estimarlo procedente, si aún no había transcurrido el término para interponer el recurso de apelación o revisión— se circunscribía a las solicitudes de reconsideración en casos civiles, ello en virtud de las disposiciones de la Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47, por lo cual nada tenía que ver con los procedimientos de reconsideración a tenor con la Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. § 2165. Conforme a lo anterior, argumentó que, aun cuando ambas disposiciones legales eran parecidas, existían entre ellas diferencias sustanciales y fundamentales por lo cual Lagares no debía aplicarse por analogía al presente caso.

A esos efectos, Mitsubishi destacó que ambas disposiciones contenían términos distintos dentro de los cuales una parte adversamente afectada podía presentar una moción de reconsideración, a saber: ante la agencia el plazo es de veinte (20) días y ante el tribunal de instancia es de quince (15) días; que las agencias cuentan con un término de quince (15) días para atender dicha moción mientras que el tribunal de instancia cuenta con un término de diez (10) días; que, a diferencia de los

tribunales de instancia, para los cuales no existe un límite de tiempo, las agencias administrativas tenían un término jurisdiccional de noventa (90) días, contados a partir de la fecha de radicación de la solicitud de reconsideración, para resolver la misma una vez ésta era acogida; que la mera radicación de una solicitud de reconsideración ante una agencia administrativa interrumpe el término para acudir en revisión judicial sin estar sujeto a que se acoja la moción; y que, por el contrario, en el foro judicial, si el tribunal de instancia no acoge oportunamente la solicitud --o dentro del término para acudir ante el Tribunal de Apelaciones-- el término no se considera interrumpido ni se extiende de forma alguna.

Mitsubishi alegó, además, que de considerarse que el D.A.C.O. tenía facultad para acoger la solicitud de reconsideración, el término de noventa días (90) días establecido para que el referido foro resolviera la misma había vencido el 18 de enero de 2004, sin que la agencia se hubiese expresado al respecto. En vista de ello, señaló que el D.A.C.O. había <u>perdido jurisdicción</u> sobre el asunto, por lo cual el mismo se encontraba maduro para ser atendido por el foro apelativo intermedio.

Tras varios trámites e incidentes procesales, el 30 de abril de 2004 el Tribunal de Apelaciones emitió resolución <u>desestimando el recurso por falta de jurisdicción</u>. Al así resolver, estableció que la doctrina establecida en <u>Lagares</u> aplicaba, con igual fuerza, en el

presente caso toda vez que, de manera excepcional, podían aplicarse las Reglas de Procedimiento Civil al procedimiento administrativo siempre que no fueran incompatibles con la naturaleza de dicho procedimiento. El foro apelativo intermedio determinó que el D.A.C.O. --mientras no hubiese transcurrido el término para recurrir en revisión judicial y no se hubiere radicado un recurso de revisión judicial-- podía considerar y entender sobre la moción de reconsideración si ésta fue debida y oportunamente presentada. Resolvió que el D.A.C.O. tenía jurisdicción el 5 de noviembre de 2003 cuando acogió la moción de reconsideración presentada por Mitsubishi, un día después de transcurrido el término establecido en la Sección 3.15 de la Ley de Procedimiento Uniforme, 3 L.P.R.A. § 2165, pero dentro del término para recurrir ante el tribunal de apelaciones ya que Mitsubishi todavía no había presentado su recurso de revisión. En consecuencia, el foro apelativo intermedio concluyó que el recurso radicado por Mitsubishi era uno prematuro, por lo cual carecía de jurisdicción para atenderlo.

Insatisfecha con tal proceder, 26 de septiembre de 2005 Mitsubishi acudió ante este Tribunal --vía certiorari-- alegando, en síntesis, que incidió el foro apelativo intermedio al aplicar la doctrina de Lagares v. E.L.A., ante, a una agencia administrativa que actuó sobre una moción de reconsideración fuera del término de quince (15) días establecido en la Sección 3.15 de la Ley de

Procedimientos Uniformes, ante, contrario a lo establecido en la opinión de este Tribunal en el caso de <u>Autoridad de Desperdicios Sólidos</u> v. <u>Mun. de San Juan</u>, 150 D.P.R. 106 (2000), y a la Regla 28.1 del Reglamento de Procedimientos Adjudicativos del D.A.C.O., Reglamento Núm. 6219.[6]

Examinada la solicitud de *certiorari*, el 20 de enero de 2006, emitimos Resolución concediéndole un término de veinte (20) días a la parte recurrida para que <u>mostrara causa</u> por la cual no debíamos expedir el auto solicitado y dictar sentencia revocatoria de la resolución emitida por el Tribunal de Apelaciones. Estando en condiciones de resolver el recurso radicado, procedemos a así hacerlo.

I

A.

Como es sabido, la Sección 4.2 de la Ley de Procedimiento Uniforme, 3 L.P.R.A. § 2172, establece un término de treinta (30) días para solicitar la revisión judicial de una decisión final de una agencia. Particularmente, la referida disposición estatutaria dispone que este plazo comienza a transcurrir a partir de la fecha del archivo en autos de la notificación de la decisión administrativa <u>o</u> a partir de la fecha aplicable cuando el término es interrumpido mediante la oportuna presentación de una moción de reconsideración. <u>Pérez Vélez</u>

---

[6] Asimismo, Mitsubishi presentó una Moción en Auxilio de nuestra Jurisdicción la cual declaramos sin lugar por improcedente.

v. VPH Motor Corp., 152 D.P.R. 475, 483 (2000); Misión
Ind. P.R. v. J.P., 146 D.P.R. 64, 115-116 (1998).

Específicamente, la Sección 3.15 de la Ley de
Procedimiento Uniforme, ante, rige el procedimiento cuando
una parte adversamente afectada por una determinación
administrativa desea solicitar reconsideración ante la
agencia. Pérez Vélez v. VPH Motor Corp., ante, a las págs.
482-483; Rodríguez v. A.R.P.E., 149 D.P.R. 111, 115-116
(1999); Misión Ind. P.R. v. J.P., ante, a las págs. 115-
116.  Demetrio Fernández Quiñónez, Derecho Administrativo
y Ley de Procedimiento Uniforme, Forum, Colombia, 2nda
ed., 2001, pág. 482.

A tales efectos la referida Sección 3.15 establece,
en lo aquí pertinente, lo siguiente:

> La parte adversamente afectada por una
> resolución u orden parcial o final podrá, dentro
> del término de veinte (20) días desde la fecha
> de archivo en autos de la notificación de la
> resolución u orden, presentar una moción de
> reconsideración de la resolución u orden. La
> agencia dentro de los quince (15) días de
> haberse presentado dicha moción deberá
> considerarla. Si la rechazare de plano o no
> actuare dentro de los quince (15) días, el
> término para solicitar revisión comenzará a
> correr nuevamente desde que se notifique dicha
> denegatoria o desde que expiren esos quince (15)
> días, según sea el caso. Si se tomare alguna
> determinación en su consideración, el término
> para solicitar revisión empezará a contarse
> desde la fecha en que se archive en autos una
> copia de la notificación de la resolución de la
> agencia resolviendo definitivamente la moción de
> reconsideración. (Énfasis nuestro).

Como podemos notar, surge de esta disposición
estatutaria que una oportuna moción de reconsideración

interrumpe automáticamente el término para acudir en revisión judicial.[7] De igual forma, se desprende de la misma que, presentada oportunamente dicha moción, la agencia administrativa puede hacer dentro del término de quince (15) días, lo siguiente: (1) tomar alguna determinación en su consideración; (2) rechazarla de plano; o (3) no actuar sobre la misma, lo cual equivale a rechazarla de plano. Específicamente se establece que, cuando la agencia no toma determinación alguna dentro del referido plazo de quince (15) días, el término para presentar un recurso de revisión comenzará a correr nuevamente desde la expiración del mencionado plazo de quince días. Administración de Desperdicios Sólidos v. Municipio de San Juan, 150 D.P.R. 106 (2000); Misión Ind. P.R. v. J.P., ante, a la pág. 116; Pagán Ramos v. Fondo del Seguro del Estado, 129 D.P.R. 888, 904 (1992); véase, además, Fernández Quiñónez, *op. cit.*, a la pág. 483.

En Misión Ind. P.R. v. J.P., ante, atendimos la interrogante de en qué momento comenzaba a transcurrir el plazo para revisión judicial en la situación en que la agencia denegaba una solicitud de reconsideración dentro del término de quince (15) días establecido en la Sección 3.15, pero notificada la misma a las partes luego de expirado dicho término. Adoptando la interpretación que de

---

[7] Es preciso señalar que la moción de reconsideración en el ámbito administrativo dejó de ser un requisito jurisdiccional para poder recurrir en revisión judicial. Fernández Quiñónez, *op. cit.*, a las págs. 482-483.

la referida Sección 3.15 hiciera una mayoría de los integrantes de este Tribunal en la Sentencia emitida en Rivera v. Municipio de Carolina, 140 D.P.R. 131 (1996), determinamos que, si dentro del plazo de quince (15) días la agencia deniega expresamente la moción de reconsideración, el término para solicitar la revisión judicial comienza a contar a partir de la fecha de la notificación de tal decisión y no a partir de la expiración del plazo de quince (15) días. Misión Ind. P.R. v. J.P., ante, a la pág. 116.

De este modo, rechazamos la interpretación a los efectos de que la referida Sección 3.15 exige el archivo en autos, dentro del plazo de quince (15) días, de una copia de la notificación de la decisión administrativa en la cual se denegaba la moción de reconsideración, para interrumpir el término para solicitar revisión judicial. Misión Ind. P.R. v. J.P., ante, a la pág. 116-117. A esos efectos, expresamos "que es sólo cuando la agencia no actúa en forma alguna con respecto a la moción de reconsideración que el término para recurrir judicialmente se comienza a contar a partir de la expiración del referido plazo de quince (15) días". Misión Ind. P.R. v. J.P., ante, a la pág. 116.[8]

---

[8] Vale la pena señalar que en Rivera v. Municipio de Carolina, 140 D.P.R. 131 (1996), se intimó de igual forma que el mismo efecto tendría si la agencia decide considerar la moción de reconsideración en sus méritos.

Ahora bien, el presente caso es distinto toda vez que la agencia tomó su determinación, respecto a la moción de reconsideración y, a su vez, notificó a las partes, fuera del plazo de quince (15) días. Siendo ello así, debemos resolver si la agencia tenía jurisdicción para acoger y emitir una determinación con respecto a dicha moción aun luego de transcurrido el antes mencionado término.[9]

B.

La Regla 47 de las de Procedimiento Civil regula lo pertinente a la presentación de mociones de reconsideración ante los tribunales de instancia. Soc. de

---

[9] De particular pertinencia para el presente caso es lo dispuesto en la Regla 28 del Reglamento Núm. 6219, Reglamento de Procedimientos Adjudicativos del D.A.C.O., sobre reconsideración y revisión judicial. La referida Regla contiene un lenguaje similar al de la Sección 3.15. Dicha Regla establece que el D.A.C.O. "podrá reconsiderar sus resoluciones a iniciativa propia antes de que expire el término para radicar revisión judicial". Regla 28.2 del Reglamento Núm. 6219, ante.

Específicamente, la Regla 28.1 dispone en lo aquí pertinente lo siguiente:

"la parte adversamente afectada por una resolución u orden interlocutoria o final podrá solicitar Reconsideración. La solicitud de Reconsideración deberá ser presentada y recibida en el Departamento dentro del término jurisdiccional de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden. El Departamento dentro de los quince (15) días de haberse presentado dicha solicitud podrá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión judicial comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince días, según el caso.

Gananciales v. Sánchez, 148 D.P.R. 326, 334-335 (1999). A tales efectos, la referida Regla establece en lo aquí pertinente:

La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden..., presentar una moción de reconsideración de la resolución, orden o sentencia…El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de *certiorari* se considerará como que nunca fue interrumpido…Si el tribunal dejare de tomar alguna acción dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.

La transcrita disposición busca "crear la oportunidad para que un tribunal sentenciador pueda realizar la significativa tarea de corregir cualquier error que haya cometido al dictar una sentencia o resolución" y "evitar que el medio procesal de la reconsideración se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial". Lagares Pérez v. E.L.A., ante, a la pág. 612; véase, además: José Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo II, Publicaciones J.T.S., San Juan, P.R., 2000, pág. 765; Rafael Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, Michie, San Juan, P.R., 1997, pág. 294.

Hemos indicado, reiteradamente, que si el foro primario no toma acción alguna con respecto a una moción de reconsideración oportunamente presentada, dentro de los

diez (10) días de haber sido instada, la misma se entiende rechazada de plano y se considerará que el término para acudir en revisión judicial ante el foro pertinente nunca fue interrumpido por la mencionada moción. Orozco Carrasquillo v. Sánchez Betancourt, res. el 18 de mayo de 1999, 99 T.S.P.R. 76; Villanueva v. Hernández Class, 128 D.P.R. 618 (1991); Rodríguez Rivera v. Aut. Carreteras, 110 D.P.R. 184 (1980); Cuevas Segarra, *op. cit.*, a la pág. 770.

Ello no obstante, hemos reconocido que cuando un tribunal rechaza de plano una moción de reconsideración oportunamente interpuesta, ya fuese por acción afirmativa o por inacción, dicho foro no queda privado, automáticamente, de su facultad para reconsiderar su actuación previa. Pagán Navedo v. Alcalde Mun. Cataño, 143 D.P.R. 314 (1997); Villanueva v. Hernández Class, 128 D.P.R. 618 (1991); Rodríguez v. Autoridad de Carretera, 110 D.P.R. 184, 187 (1980); El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 791, 800 (1965).

A tales efectos, en Lagares Pérez V. E.L.A., ante, entre otras cosas, reiteramos dicha norma y establecimos que, mientras no haya transcurrido el término para recurrir en alzada, el tribunal puede considerar y entender sobre la moción de reconsideración. A esos efectos, específicamente expresamos que "aunque el foro de instancia haya denegado inicialmente la moción de reconsideración, puede acogerla posteriormente de

estimarlo procedente, si aun no ha transcurrido el término para interponer el recurso de apelación o revisión". Lagares Pérez V. E.L.A., ante, a la pág. 613. Señalamos que "[l]o determinativo para que se interrumpa el término de apelación o revisión es que el foro de instancia tome alguna acción para acoger la moción de reconsideración mientras aún tiene jurisdicción sobre el caso". Lagares Pérez V. E.L.A., ante, a la pág. 613. De este modo, "una vez la moción de reconsideración se acoge, el término para la apelación o la revisión queda interrumpido hasta que se resuelva definitivamente dicha moción". Lagares Pérez V. E.L.A., ante, a la pág. 613.

En el presente caso, y conforme con la decisión emitida en Lagares, el Tribunal de Apelaciones determinó que el D.A.C.O. podía considerar una moción de reconsideración siempre y cuando no hubiese transcurrido el término para acudir en revisión judicial; ello por el fundamento de que pueden aplicarse al ámbito administrativo las Reglas de Procedimiento Civil siempre que no sean incompatibles con la naturaleza de dicho procedimiento.

Hemos señalado que "las Reglas de Procedimiento Civil no aplican automáticamente en procedimientos administrativos". Pérez Vélez v. VPH Motors Corp., ante, a la pág. 484; véanse López Vives v. Policía de P.R., 118 D.P.R. 219 (1987); Berríos v. Comisión de Minería, 102 D.P.R. 228 (1974); Martínez v. Tribunal Superior, 83

D.P.R. 717 (1961). No obstante lo anterior, en reiteradas ocasiones este Tribunal ha aplicado dichas Reglas al ordenamiento procesal administrativo, siempre que las mismas no sean incompatibles con dicho proceso y propicien una solución justa, rápida y económica. Florenciani Valentín v. Administración de los sistemas de Retiro de los Empleados de Gobierno y la Judicatura, res. el 30 de junio de 2004; 2004 TSPR 118; Hospital Dr. Domínguez, Inc. v. Ryder Memorial Hospital, Inc., res. el 4 de marzo de 2004, 2004 TSPR 35; Pérez Vélez v. VPH Motors, ante; Ortiz Ocasio v. Administración de los Sistemas de Retiro, 147 D.P.R. 816, 822 (1999); Pérez Rodríguez v. P.R. Park. System, Inc., 119 D.P.R. 634, 639-640 (1987). Ahora bien, hemos señalado que ello no procede cuando la extensión de las reglas judiciales acarrea trabas que obstaculizan la flexibilidad, agilidad o sencillez que debe tener el proceso administrativo. Florenciani Valentín v. Administración de los sistemas de Retiro de los Empleados de Gobierno y la Judicatura, ante; Hospital Dr. Domínguez, Inc. v. Ryder Memorial Hospital, Inc., ante; Pérez Vélez v. VPH Motor Corp., ante.

Conforme a lo anterior, hemos incorporado al ámbito administrativo normas aplicables a los litigios civiles. Febles v. Roman Pool Construction, res. el 30 de junio de 2003, 2003 TSPR 113. Particularmente, hemos aplicado por analogía la antes mencionada Regla 47 para resolver ciertas controversias con respecto a la interrupción del

término para acudir en revisión judicial. Pérez Vélez v.

VPH Motor Corp., 152 D.P.R. 475, 485-486 (2000). Así pues,

hemos establecido, entre otras cosas, que la interrupción

del término para acudir en alzada, producto de la oportuna

solicitud de reconsideración de una de las partes ante la

agencia administrativa, beneficia a cualquier otra parte

en el pleito. Pérez Vélez v. VPH Motor Corp., 152 D.P.R.

475 (2000).

A su vez, hemos determinado que "tomar alguna

determinación" sobre la moción de reconsideración equivale

a que una agencia administrativa ordene a la parte adversa

exponer su posición respecto a la misma[10]. Ortiz v. Adm.

Sist. Retiro Emp. Gob., 147 D.P.R. 816 (1999). De igual

forma, en Febles v. Romar Pool Construction, ante,

aplicamos, de forma prospectiva y por analogía, lo

resuelto en Lagares a los efectos de que el término para

notificar una moción de reconsideración a las demás partes

---

[10] En Pérez Rodríguez v. P.R. Park. Systems, Inc., ante,
este Tribunal, al analizar el Artículo 16 de la Ley
Orgánica del D.A.CO., Ley Núm. 5 de 23 de abril de 1973, 3
L.P.R.A. § 341 et seq., aplicó el principio contenido en
la referida Regla 47, a los efectos de que si "se tomare
alguna determinación en consideración [de la moción de
reconsideración], el término [para acudir en alzada] ...
empezará a contarse desde la fecha en que se archiva en
los autos una copia de la notificación de la resolución
... resolviendo definitivamente la moción de
reconsideración". A la luz de lo anterior, este Tribunal
resolvió que, a tenor con la citada Regla 47, el término
de treinta (30) días para acudir del D.A.CO. al Tribunal
de Circuito de Apelaciones establecido en el referido
Artículo 16 se entendía interrumpido cuando dicho
organismo administrativo tomaba acción afirmativa dentro
del referido término.

no es uno de carácter jurisdiccional sino de cumplimiento estricto.

II

Argumenta el peticionario que erró el Tribunal de Apelaciones al aplicar la antes mencionada norma establecida en Lagares v. E.L.A., ante, a una agencia administrativa que actuó fuera del término de quince (15) días establecido en la Sección 3.15 de la Ley de Procedimiento Uniforme; ello por entender que tal actuación es contraria a lo establecido por este Tribunal en Administración de Desperdicios Sólidos v. Municipio de San Juan, 150 D.P.R. 106 (2000) y, a su vez, a lo dispuesto en la Regla 28.1 del Reglamento Núm. 6219 del D.A.C.O.

En el referido caso, resuelto mediante Sentencia, una parte acudió al Tribunal de Apelaciones luego de que la agencia administrativa denegara su moción siete meses después que fue oportunamente presentada. Allí resolvimos que una parte que pretende incoar un recurso de revisión judicial tenía que acatar el mandato de la Ley Procedimientos Administrativo Uniforme a los efectos de que, si la agencia concernida no consideró su solicitud de reconsideración dentro de los quince (15) días que tenía para hacerlo, dicha parte tenía treinta (30) días, a partir de la fecha en que se cumplieron los quince (15) días antes mencionados, para radicar su recurso de ante el

Tribunal de Apelaciones. Como no lo hizo, determinamos que su recurso fue tardío por lo cual el Tribunal de Apelaciones actuó sin jurisdicción y, por ende, este Tribunal estaba impedido de adjudicar la controversia.

Como vemos los hechos del referido caso son distintos al caso de autos. Allí la agencia tomó su determinación con respecto a la moción de reconsideración no sólo fuera del plazo de quince (15) días establecido en la Sección 3.15 sino que, además, la denegó fuera del término establecido para recurrir en revisión judicial. Por el contrario, en el presente caso, si bien es cierto que el D.A.C.O. tomó su determinación fuera del plazo de quince (15) días, lo hizo dentro del término que tenía la parte perdidosa para acudir ante el Tribunal de Apelaciones y antes de que se radicara un recurso de revisión judicial.

III

Somos del criterio que, de manera similar a los casos en los cuales hemos aplicado anteriormente la Regla 47, aplicar a la situación de hechos del presente caso lo establecido en Lagares, no perturba ni es incompatible con el proceso administrativo. Ello no incide sobre la "necesidad de que los organismos administrativos funcionen sin la flexibilidad que generalmente caracteriza a los tribunales." Pérez Vélez v. VPH Motors Corp., ante. En última instancia, dicha determinación resulta procedente cuando la aplicación de las normas de las Reglas de

Procedimiento Civil no sean incompatibles con el proceso administrativo y propicien una solución justa, rápida y económica. No hay duda que adoptar en el presente caso lo resuelto en Lagares propicia los mencionados objetivos.

El hecho de que una agencia administrativa pueda acoger una moción de reconsideración --luego de transcurrido el plazo de quince días que se establece para que la agencia atienda la misma y antes de que se radique un recurso judicial en revisión de la decisión administrativa emitida-- ciertamente no produce incertidumbre alguna respecto a cuándo comienza a transcurrir el término para recurrir en revisión judicial. Ello así ya que es sólo cuando todavía no ha transcurrido el término para acudir en revisión ante el foro judicial, y mientras no se haya radicado el recurso de revisión judicial, que la agencia tendría jurisdicción para tomar alguna determinación sobre la moción de reconsideración radicada fuera del mencionado término de quince días. Lo anteriormente expresado resulta ser cónsono con lo dispuesto en la antes mencionada Regla 28.2 del Reglamento 6219 --Reglamento de Procedimientos Adjudicativos del D.A.C.O.-- a los fines de que el D.A.C.O. puede reconsiderar sus resoluciones, a iniciativa propia, antes de que expire el término pautado para radicar el recurso de revisión judicial.

Resolvemos, en consecuencia, que una agencia administrativa tiene jurisdicción para acoger una moción

de reconsideración, aun después de transcurrido el término establecido para ello en la Sección 3.15, siempre y cuando no haya transcurrido el termino para acudir en revisión ante el Tribunal de Apelaciones y no se haya presentado un recurso ante dicho foro. En el presente caso el D.A.C.O. acogió la moción de reconsideración dieciséis días luego de presentada la moción de reconsideración pero dentro del término para recurrir en revisión judicial y antes de que Mitsubishi presentara su recurso de revisión administrativa ante el Tribunal de Apelaciones. Siendo ello así, y teniendo jurisdicción el D.A.C.O. para acoger su moción de reconsideración, resolvemos que el recurso presentado por Mitsubishi --con posterioridad a que el D.A.C.O. acogiera la moción de reconsideración-- fue prematuro por lo cual el Tribunal de Apelaciones carecía de jurisdicción para resolverlo.

IV

No obstante lo anteriormente expresado, y resuelto, somos del criterio que la norma hoy establecida debe tener efecto prospectivo. Ello en vista de que la misma es de nueva creación y la aplicación de dicha norma al presente caso conllevaría, en cierto modo, la comisión de una injusticia contra una parte --Mitsubishi-- que, al día de hoy, no tendría derecho a la radicación de un nuevo recurso judicial para revisar la decisión emitida por

D.A.C.O. ya que habrían transcurrido todos los términos posibles.

En vista a ello, procede expedir el recurso de *certiorari* radicado, dictar Sentencia revocatoria de la resolución emitida por el Tribunal de Apelaciones, y devolver el caso a dicho foro apelativo intermedio para que dilucide, y resuelva, el recurso radicado por Mitsubishi.

Se dictará Sentencia de conformidad.


                        FRANCISCO REBOLLO LÓPEZ
                           Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Fabianita Flores Concepción

    Querellante-recurrida

      vs.

Taíno Motors, Inc.              CC-2005-889      CERTIORARI
    Co-querellada

Mitsubishi Motor Sales of
Caribbean, Inc.

    Co-querellada-peticionaria


SENTENCIA

San Juan, Puerto Rico, a


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto y se dicta Sentencia revocatoria de la resolución emitida por el Tribunal de Apelaciones; devolviéndose el caso a dicho foro apelativo intermedio para que dilucide, y resuelva, el recurso radicado por Mitsubishi.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió Opinión de Conformidad en parte y Disidente en parte.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Fabianita Flores Concepción

    Querellante-recurrida

          Vs.

                                CC-2005-889    Certiorari

Taíno Motors, Inc.

    Co-querellada

Mitsubishi Motor Sales of
Caribbean, Inc.

    Co-querellada-peticionaria

Opinión de Conformidad en parte, y Disidente en parte emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 12 de julio de 2006.

Estoy conforme con lo expresado por la mayoría del Tribunal en los acápites I-III de la Opinión emitida en el caso de autos. Comparto con la mayoría el claro criterio de que la norma formulada en Lagares Pérez v. E.L.A., 144 D.P.R. 601 (1997) aplica también a los procedimientos administrativos. Las agencias como D.A.C.O. tienen la indudable facultad para acoger en cualquier momento una moción de reconsideración debidamente presentada, mientras no haya transcurrido el término para acudir al foro apelativo.

Con lo que no estoy de acuerdo es con el dictamen de la mayoría del Tribunal de darle sólo

**efecto prospectivo** a la aludida norma, reconocida formalmente hoy en el caso de autos. Veamos.

Como principio general, las normas que pautamos en los casos que llegan a nuestra consideración tienen efecto inmediato. Adjudicamos tales casos precisamente aplicándole a las partes en disputa las normas que pautamos en dichos casos. Nuestro quehacer judicial se desenvuelve a través de casos y controversias concretas, las cuales resolvemos dictaminando las normas pertinentes, que tienen efecto enseguida. No tenemos facultad para resolver cuestiones jurídicas *en abstracto* sino en pleitos reales que adjudicamos haciendo valer en ellos las normas que sean procedentes.

Por vía **de excepción**, en raras ocasiones decidimos que las nuevas normas pautadas en algún caso habrán de tener sólo **efectos prospectivos**. Pero ello ocurre muy pocas veces, sólo cuando están presentes circunstancias verdaderamente extraordinarias. Lo hemos hecho cuando en un caso particular formulamos una norma de nuevo cuño, que **no era fácilmente anticipable**, y cuya inesperada aplicación en dicho caso podía ocasionar resultados **sustancialmente injustos** para la parte que confió en la norma anterior que **quedó desplazada por la nueva norma**. Igual lo ha hecho el Tribunal Supremo de Estados Unidos. Véase, <u>Chevron Oil Co. v. Huson</u>, 404 US 97 (1971). Hemos hecho hincapié en que la decisión excepcional de darle sólo efecto prospectivo a una opinión normativa nuestra debe fundamentarse "principalmente en

consideraciones de política  pública y orden social", Datiz Vélez v. Hospital San Lucas, res. el 22 de septiembre de 2004, 163 D.P.R. ___, 2004 TSPR 152, 2004 JTS 159, habiendo reconocido antes que en tales casos nuestro norte debe ser "conceder remedios justos y equitativos que respondan a la mejor convivencia social", Gorbea Vallés v. Registrador, 131 D.P.R. 10, 16-18 (1992).

Es menester enfatizar **el carácter excepcional** de la decisión de darle sólo efecto prospectivo a la norma que pautamos en algún caso. Nótese que al no darle vigencia a tal norma de inmediato, aplicándosele a las partes de ese pleito, nos acercamos a la situación de una **opinión consultiva**, que nos está vedada. Véase, Calderón Jiménez, Retroactividad o Prospectividad de las Decisiones de los Tribunales, 53 Rev. del Colegio de Abogados de Puerto  Rico, 107 (1992). Además, si las normas que pautamos tuviesen sólo efecto prospectivos, los litigantes no tendrían interés en acudir ante nos para resolver sus disputas.

No creo que en el caso de autos existen las circunstancias extraordinarias que justifiquen favorecer a la peticionaria Mitsubishi, eximiéndole de la aplicación de la norma medular que se reconoce en este caso. Para comenzar, la norma en cuestión **era anticipable**, como bien intima la mayoría del Tribunal en su propio dictamen. Era previsible que la norma de Lagares Pérez v. E.L.A., *supra*, se aplicaría a los procedimientos administrativos, en vista de que en nuestro ordenamiento jurídico rige el principio de

que las reglas judiciales son extendibles al ámbito administrativo por analogía si son compatibles y ello propicia soluciones justas, rápidas y económicas. <u>Pérez v. VPH Motor Corp</u>, 152 D.P.R. 475 (2000); <u>Ortiz v. Adm. Sist. Retiro</u>, 147 D.P.R. 816 (1999); <u>Pérez Rodríguez v. P.R. Park Systems</u>, 119 D.P.R. 634 (1987).

Además, era claramente previsible que la norma en cuestión de <u>Lagares</u> se extendería a las agencias administrativas porque ya en <u>Febles v. Romar Pool Construction</u>, res. el 30 de junio de 2003, 159 D.P.R. ___, 2003 TSPR 113, 2003 JTS 114, habíamos aplicado otro aspecto de la norma de <u>Lagares</u> precisamente al proceso administrativo: lo relativo a que el término para notificar una moción de reconsideración a las partes restantes en un pleito es de cumplimiento estricto. En aquel momento sí se justificaba darle efecto prospectivo a nuestra decisión "en vista de que extend[íamos] **por primera vez** al ámbito administrativo la norma establecida en <u>Lagares v. E.L.A.</u>". <u>Febles v. Romar Pool Construction</u>, *supra*, pág. 11. El hecho de que recientemente ya habíamos aplicado un aspecto de <u>Lagares</u> a los procedimientos administrativos debió haber sido aviso suficiente para Mitsubishi de que el resto de la norma de dicho caso sería de aplicación a su caso.

Más aún, el propio Reglamento de D.A.C.O., en su Regla 28, expresamente dispone que dicha agencia **"podrá reconsiderar sus resoluciones . . . antes de que expire el término para radicar revisión judicial"**. Es decir, la propia

agencia involucrada en el caso de autos ya tenía incorporada a su Reglamento la norma que habíamos sentado en <u>Lagares Pérez v. E.L.A.</u>, *supra*, que aquí nos concierne. Al amparo de esta disposición reglamentaria, D.A.C.O. **acogió** la moción de reconsideración presentada por Mitsubishi. No obstante, cuando D.A.C.O. le dio un término a la parte que se había querellado contra Mitsubishi, para que replicara a la moción de reconsideración aludida, Mitsubishi <u>optó por abandonar el procedimiento administrativo y recurrió al foro apelativo</u>. Este foro entonces le dio término a Mitsubishi para mostrar causa por la cual no debía desestimar su recurso por prematuro, **precisamente al amparo de lo resuelto en <u>Lagares Pérez v. E.L.A.</u>,** *supra*. Mitsubishi contestó la orden referida **<u>atacando la aplicabilidad de dicho caso al proceso administrativo</u>**. Es decir, a pesar de lo que ya habíamos hecho en <u>Febles v. Romar Pool Construction</u>, *supra*, a pesar de lo dispuesto en la Regla 28 del Reglamento de D.A.C.O., y a pesar de lo intimado por el foro apelativo sobre la aplicabilidad de <u>Lagares</u>, Mitsubishi optó por hacerse de la vista larga y atacar la otra aplicación de <u>Lagares</u> al proceso administrativo, que este Tribunal hoy reconoce formalmente.

Es por lo anterior, que no puedo estar de acuerdo con la apreciación de la mayoría del Tribunal de que la aplicación de <u>Lagares</u> a los procedimientos administrativos en este caso **"conllevaría, en cierto modo, . . . una injusticia contra . . . Mitsubishi"**. No hay tal injusticia:

la aplicación de <u>Lagares</u> aquí no sólo era claramente previsible por lo ya indicado sino que ya D.A.C.O. así lo había provisto en su Reglamento, y el foro apelativo se lo había intimado claramente a Mitsubishi. Por tanto, si hubiese alguna consecuencia adversa para la peticionaria, **<u>sería auto-infligida</u>**.

No hay en este caso ninguna sorpresa adversa que justifique apartarnos de la norma y darle sólo efectos prospectivos a nuestro dictamen medular aquí. Lo que hay es la obstinación de Mitsubishi en no admitir una normativa clara y obvia. Mitsubishi optó por ignorar tal normativa, y ello tiene consecuencias. No debe este Foro "cogerle pena" a una parte que actuó tan deliberadamente.

Como la mayoría prefiere seguir aquí un curso que para mí es desacertado, yo DISIENTO respecto a esa parte de su Opinión.

Jaime B. Fuster Berlingeri
Juez Asociado