Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| MANUEL R. RODRÍGUEZ MELÉNDEZ **APELANTE** v R & L DEVELOPMENT S.E. Y OTROS **APELADOS** | KLAN202400988 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama Caso Núm. G AC2015-0132 Sobre: Incumplimiento de Contrato; Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de noviembre de 2024.

### I.

El 4 de noviembre de 2024, el señor Manuel R. Rodríguez Meléndez (señor Rodríguez Meléndez o apelante) presentó un recurso de apelación en el que solicitó que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI o foro primario) el 28 de agosto de 2024, notificada y archivada en autos al siguiente día.[1] En el dictamen, el foro primario declaró No Ha Lugar la *Demanda* del caso de epígrafe, sin especial imposición de costas, gastos ni honorarios de abogado.

El 8 de noviembre de 2024, emitimos una *Resolución* en la que le concedimos al apelante hasta el 13 de noviembre de 2024 para informarnos si el foro primario había resuelto las reconvenciones pendientes, pues de la *Sentencia* apelada no se desprendía. Advertimos también que, de haberse resuelto todas las causas de

---

[1] Apéndice del recurso de apelación, Anejo IV, págs. 15-28.

acción en el caso, debía informar si iba a presentar Transcripción de Prueba Oral (TPO).

El apelante radicó un *Escrito en cumplimiento de orden, solicitud para que se permita transcripción de prueba oral en cumplimiento con el Reglamento del Tribunal de Apelaciones, reglas 19 y 76* el 12 de noviembre de 2024. Por medio de esta, el apelante nos informó que el TPI no había realizado expresión ni había resuelto el asunto de la reconvención y solicitó permiso para presentar una TPO.

En virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), y de las circunstancias particulares de este caso, prescindimos de la comparecencia de la parte apelada con el propósito de lograr su más justo y eficiente despacho.

**II.**

El caso de marras tiene su génesis el 6 de octubre de 2015 cuando el apelante presentó una *Demanda* por concepto de incumplimiento de contrato, cobro de dinero y daños y perjuicios en contra de R&L Development, S.E. (R&L Development) y el señor Jesús Manuel Rodríguez Fuentes (señor Rodríguez Fuentes).[2]

El 28 de marzo de 2016, el señor Rodríguez Fuentes presentó una *Contestación a Demanda* en donde incluyó una reconvención en contra del apelante.[3] Por medio de dicha reconvención, el señor Rodríguez Fuentes solicitó el desalojo del apelante de la Casa La Obra en Aibonito, y que el foro primario ordenara al apelante a pagar $162,000.00 en concepto de cánones de arrendamiento adeudado por ocupar dicha propiedad, más las costas, los gastos del litigio y los honorarios de abogado.

---

[2] *Íd.*, Anejo VI, págs. 30-38.
[3] *Íd.*, Anejo VII, págs. 39-43.

Por su parte, R&L Development presentó una *Contestación a la Demanda* el 16 de marzo de 2016.[4] Mediante esta, R&L Development incorporó una reconvención en contra del apelante donde suplicó del foro primario que ordenara a este último a pagar $750,000.00 más los intereses legales que devengue dicho monto hasta su total y completo pago, así como las costas y honorarios de abogado.

El 29 de marzo de 2016, el apelante presentó una *Contestación a Reconvención del Co-Demandado Jesús Manuel Rodríguez Fuentes* y una *Contestación a Reconvención del Co-Demandado R&L Development, S.E.*[5] Por medio de ambas contestaciones, el apelante negó las alegaciones presentadas por el señor Rodríguez Fuentes y R&L Development, respectivamente.

Posteriormente, el foro primario emitió una *Sentencia Parcial* el 29 de agosto de 2016 donde dio por desistida la reclamación de cobro de dinero del apelante por gastos de mantenimiento de la referida propiedad denominada La Obra.[6]

El 1 de febrero de 2017, el TPI emitió una *Sentencia Parcial* por la que dio por desistida la reclamación de cobro de dinero por gastos de mantenimiento y arreglos de la aludida propiedad, al igual que la reconvención presentada por el señor Rodríguez Fuentes.[7]

R&L Development presentó una *Reconvención Enmendada* el 3 de julio de 2017 para ajustar las cuantías alegadas, y el apelante presentó la contestación a dicha reconvención el 1 de agosto de 2017.[8]

---

[4] *Íd.*, Anejo VIII, págs. 44-48.
[5] *Íd.*, Anejo IX, págs. 49-50; *Íd.*, Anejo X, págs. 51-53.
[6] *Íd.*, Anejo IV, pág. 18 (Este hecho procesal surge de la *Sentencia* apelada).
[7] *Íd.* (Este hecho procesal surge de la *Sentencia* apelada).
[8] *Íd.* (Este hecho procesal surge de la *Sentencia* apelada).

Posteriormente, el foro *a quo* comenzó el juicio el 25 de enero de 2024.[9] Se admitió prueba documental y se desfiló prueba testifical.

Tras varios trámites procesales, el 28 de agosto de 2024, el TPI emitió una *Sentencia*, notificada y archivada en autos al siguiente día. Por medio del dictamen, y tras aquilatar la prueba desfilada, el foro primario realizó veintitrés (23) determinaciones de hechos y declaró No Ha Lugar la *Demanda* del caso de marras.

El apelante solicitó reconsideración ante el TPI.[10] Dicha reconsideración fue denegada el 12 de octubre de 2024.[11] Notificada dicha denegatoria el 4 de octubre de 2024.[12]

En desacuerdo, el 4 de noviembre de 2024, el apelante presentó el recurso de apelación de epígrafe en el que solicitó la revocación de la *Sentencia* emitida el 28 de agosto de 2024. En específico, le imputó al foro primario la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, AL DECLARAR SIN LUGAR LA DEMANDA INSTADA, PRIVANDO A LA PARTE DEMANDANTE DE UN PROCESO JUSTO; QUE, COMO MANDATO CONSTITUCIONAL, RESULTA COLORARIO DE UN DEBIDO PROCESO DE LEY. (ART. II, SEC. 7, CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO, 1 L.P.R.A. SEC. 7. ENMIENDAS V COMO XIV DE LA CONSTITUCIÓN DE ESTADOS UNIDOS).

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO PERMITIR A LA PARTE DEMANDANTE LA PRESENTACIÓN DE PRUEBA DE REFUTACIÓN COMO DE IMPUGNACIÓN, PERMITIÉNDOSE QUE SE DICTARA SENTENCIA DECLARANDO SIN LUGAR LA DEMANDA, CUANDO ESTA MISMA SENTENCIA, ATRIBUYE LA AUSENCIA DE PRUEBA PRESENTADA POR LA DEMANDANTE, COMO LA CREDIBILIDAD QUE LE MERECIERON LOS TESTIGOS PRESENTADOS; TESTIGOS ESTOS QUE RESULTABAN CONTRA INTERÉS. ESTA DETERMINACIÓN DEL TRIBUNAL DE INSTANCIA, PRIV[Ó] A LA DEMANDANTE DE UN JUICIO JUSTO; POR LO QUE RESULTA CONTRARIO A UN DEBIDO PROCESO.

---

[9] *Íd.*, pág. 19 (Este hecho procesal surge de la *Sentencia* apelada).
[10] *Íd.*, Anejo III; págs. 3-14.
[11] *Íd.*, Anejo 1; pág. 1.
[12] *Íd.*, Anejo II; pág. 2.

A continuación, pormenorizaremos las normas jurídicas atinentes a este recurso de apelación.

**III.**

**A.**

En nuestro sistema jurídico, la jurisdicción se ha definido como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. ***MCS Advantage, Inc. v. Fossas Blanco***, 211 DPR 135, 144 (2023); ***Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.***, 207 DPR 586, 600 (2021); ***Allied Management Group, Inc. v. Oriental Bank***, 204 DPR 374, 385 (2020). Nuestro más alto foro ha expresado que las cuestiones de jurisdicción son de materia privilegiada y deben ser resueltas con preferencia. ***Fuentes Bonilla v. ELA***, 200 DPR 364, 372 (2018). Al tratarse de un asunto privilegiado, se puede realizar un planteamiento sobre jurisdicción en cualquier etapa del procedimiento. ***Aut. Desp. Sólidos v. Mun. San Juan***, 150 DPR 106, 111 (2000). Incluso, como incide sobre el poder del tribunal para adjudicar una controversia, el tribunal carece de discreción para asumir jurisdicción donde no la hay, y la ausencia de jurisdicción puede argumentarse *motu proprio*. ***Muni. De San Sebastián v. QMC Telecom***, 190 DPR 652, 660 (2014); ***Souffront v. A.A.A.***, 164 DPR 663, 674 (2005). Por ende, los tribunales deben ser celosos guardianes de su jurisdicción, y cuando carezcan de ella, lo que resta es declararlo de dicho modo y desestimar la reclamación sin entrar en los méritos del pleito. ***Muni. De San Sebastián v. QMC Telecom***, 190 DPR 652, 660 (2014); ***Cordero v. ARPe***, 187 DPR 445, 457 (2012).

La jurisdicción trae consigo las siguientes consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela de forma voluntaria a un tribunal como tampoco pueden atribuírsela; (3) conlleva la nulidad de dictámenes emitidos; (4) impone a los tribunales el deber de auscultar su propia

jurisdicción; (5) impone a los foros revisores el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o *motu proprio* por el tribunal. ***Fuentes Bonilla v. ELA***, supra, pág. 372-373; ***González v. Mayagüez Resort & Casino***, 176 DPR 848, 855 (2009).

Conforme a lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, nos autoriza a desestimar un recurso por falta de jurisdicción.

En esa misma línea, un recurso es prematuro cuando se presenta previo a que el tribunal tenga jurisdicción para atenderlo. ***Pueblo v. Ríos***, 209 DPR 264, 274 (2022); ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 97 (2008). Nuestro más alto foro ha reiterado que el recurso prematuro "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". ***Torres Martínez v. Torres Ghigliotty***, supra, pág. 98; ***S.L.G. Szendry Ramos v. F. Castillo***, 169 DPR 873, 883 (2007) (*citando a **Juliá et al. v. Epifano Vidal, S.E.***, 153 DPR 357, 366 (2001). La presentación de dicho recurso carece de eficacia y no produce ningún efecto jurídico, pues en ese momento aún no ha surgido una autoridad judicial o administrativa alguna para acogerlo. ***Torres Martínez v. Torres Ghigliotty***, supra, pág. 98.

**B.**

Por otra parte, la *sentencia* adjudica de forma final la controversia en cuestión, mientras que la *resolución* resuelve un incidente en el pleito sin adjudicar la controversia de forma definitiva. ***Torres Martínez v. Torres Ghigliotty***, supra, pág. 94; ***U.S. Fire Ins. Co. V. Autoridad de Energía Eléctrica***, 151 DPR 962, 967 (2000). A tenor con ello, la Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.1, dispone que el término *sentencia* "incluye cualquier determinación del Tribunal de Primera Instancia

que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse". En otras palabras, una sentencia es final o definitiva cuando se resuelve el pleito en sus méritos y se acaba el litigio entre las partes de forma tal que no quede pendiente nada más para su ejecución. ***Torres Martínez v. Torres Ghigliotty***, supra, pág. 94; ***Feliberty v. Soc. de Gananciales***, 147 DPR 834, 838 (1999). Es de esta determinación de la cual la parte inconforme puede interponer un recurso de apelación. ***Suárez v. E.L.A.***, 162 DPR 43, 62 (2004).

Por otro lado, una *sentencia parcial* procede cuando se trata de un caso que tiene múltiples reclamaciones o partes, y el tribunal determina que no existe razón alguna para posponer el dictamen de la sentencia en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito. Regla 42.3 de Procedimiento Civil, *supra*, R. 42.3; ***Torres Martínez v. Torres Ghigliotty***, supra, pág. 95. Sin embargo, nuestro Tribunal Supremo ha enfatizado que estaremos ante una sentencia parcial si el foro primario **(1) concluyó expresamente que no existía razón para posponer dictar sentencia respecto a la reclamación que tenga ante sí, y (2) ordenó de forma expresa que se registrara la sentencia.** ***Torres Martínez v. Torres Ghigliotty***, supra, pág. 95; véase además, ***Ramírez Kurtz v. Damiani Ramos***, 2024 TSPR 97. Por lo tanto, "[a]usentes ambos requisitos, cualquier orden o forma de decisión que adjudique menos de la totalidad de las partes, no finaliza el pleito y se entiende que se trata de una *resolución interlocutoria*". ***Torres Martínez v. Torres Ghigliotty***, supra, pág. 95 (Énfasis en el original).

**IV.**

En el caso de marras el apelante solicita la revocación de una *Sentencia* por la cual el foro primario declaró No Ha Lugar la *Demanda*.

De un análisis pormenorizado, surge de la *Sentencia* apelada que el foro primario emitió una *Sentencia Parcial* el 1 de febrero de 2017 donde, en lo pertinente, dio por desistida la reconvención presentada por el señor Rodríguez Flores. No obstante, posterior a dicha determinación, el 3 de julio de 2017, R&L Development presentó una *Reconvención Enmendada* para ajustar las cuantías alegadas, y el apelante presentó su contestación a dicha reconvención el 1 de agosto de 2017. Además, el apelante le informó a este Tribunal, mediante el *Escrito en cumplimiento de orden, solicitud para que se permita transcripción de prueba oral en cumplimiento con el Reglamento del Tribunal de Apelaciones, reglas 19 y 76* el 12 de noviembre de 2024 que el TPI no había realizado expresión ni había resuelto el asunto de la reconvención.

Conforme a la Regla 42.3 de Procedimiento Civil, *supra*, para que estemos ante una sentencia parcial, el TPI tiene que incorporar en la misma que (1) concluye expresamente que no existe razón para posponer dictar sentencia respecto a la reclamación que tenga ante sí, y que (2) ordena de forma expresa que se registrare la sentencia. De omitir ambos requisitos, el dictamen no finaliza el pleito y se entiende que se trata de una resolución interlocutoria.

En el caso de epígrafe, tras un análisis objetivo, sereno y cuidadoso del expediente, y conforme a la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, resulta evidente que carecemos de jurisdicción para atender el presente recurso al ser prematuro. Lo anterior, toda vez que la *Sentencia* apelada no incluye las palabras requeridas de la Regla 42.3 de Procedimiento Civil, *supra*, para que pueda ser considerado como una Sentencia Parcial. El TPI tiene pendiente de resolver lo relativo a la reconvención presentada por R&L Development.

**V.**

Por los fundamentos anteriormente pormenorizados, se *desestima* el recurso de epígrafe por falta de jurisdicción al ser prematuro. Se devuelve el caso ante el TPI para que resuelva la reconvención pendiente.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones